## S. PATTI CONST. CO., Inc. v. UNION PAC. R. CO. (two cases).

### Nos. 4687, 4688.

District Court, W. D. Missouri, W. D.

May 23, 1947.

A. E. Bazan, of Kansas City, Mo., for plaintiff.

Watson, Ess, Barnett, Whittaker & Marshall and Louis L. Poplinger, all of Kansas City, Mo., for defendant.

REEVES, District Judge.

The motions to remand in the above entitled cases raise identical questions. By paragraph (a) of the motions the movants quote from the petition for removal and apparently challenge the jurisdiction of the court, because, as it is intimated, the defendant did not file the records in this court "within thirty (30) days from the filing of this petition."

Another paragraph of the motions to remand indicates that counsel for the defendant questions whether or not the federal court had jurisdiction of the subject matter. It is apparently the contention that the state court also had jurisdiction. These will be considered.

1. The actions were instituted on February 12, 1947. Summonses were issued and served on the defendant on February 14, 1947. The petitions for removal were filed on March 10, 1947. Under the rule of the state court, and according to the recital of the summons in each case, the defendant had 30 days from the 14th day of February, 1947, in which to plead. This meant that the defendant could plead any time up to and including March 17, 1947. The record shows, however, that the defendant filed its petitions for removal on March 10, 1947, and in said petition in each of the above cases there was the recital: "Your petitioner offers herein a bond, with good and sufficient surety, conditioned for

102

its entering in the District Court of the United States for the Western District of Missouri, within thirty (30) days from the filing of this petition, a verified copy of the record in this suit * * *."

The file marks of the clerk of this court show that the verified copy of the record in each case was filed on April 8, 1947, whereas the defendant had up to and including April 9th within which to file a certified copy of the record. Quite clearly the verified copies of the records were filed on time.

2. These suits, being for a refund of certain freight tariffs collected by the defendant, are governed by the 8th sub-division of Section 41, Title 28 U.S.C.A., which confers upon the federal court jurisdiction "Of all suits and proceedings arising under any law regulating commerce." Quite clearly these actions arise under said provision of the statute.

Plaintiff in case No. 4687 based its claim as follows: "During and between the dates of September 18, 1944 and October 24, 1944, it caused to be shipped over the rails of defendant as a connecting delivering carrier 10 shipments of lumber from various points in the State of Oregon to Kansas City, Missouri, etc."

And plaintiff in case No. 4688 based its claim as follows: "* * * that it caused to be shipped over the rails of defendant from various points in the state of Oregon, as a connecting delivering carrier, during and between the dates of July 14, 1944 and September 16, 1944, 10 shipments of lumber to Kansas City, Missouri; * * *." The actions, therefore, are within the jurisdiction of the court regardless of the amount involved.

3. It is quite true, as asserted by plaintiff, the state court had jurisdiction of the subject matter and the parties. This is always true whether there is a diversity of citizenship or where a federal question is involved. Cases are not removable because a state court lacks jurisdiction, but because of a right vouchsafed to the removing party by the Constitution and laws of the United States. If the state court did not acquire jurisdiction of a case there could not be removal for the reason that the court had nothing upon which the statute could operate.

In view of the foregoing, the motions to remand ought to be and will be overruled.

Counsel for plaintiff has asked for the privilege of an oral argument in the motion in each case. Since there is no debatable issue raised an oral argument would be an unnecessary waste of time for all parties.