**PRENSA GRAFICA CUBANA S.A. and Editorial Carteles S.A., Plaintiffs,**

v.

**Hector OSLE, Defendant.**

United States District Court
S. D. New York.
June 20, 1961.

Alfred S. Julien, New York City, for plaintiffs.

Rabinowitz & Boudin, New York City, for defendant.

FREDERICK van PELT BRYAN, District Judge.

This is a motion by plaintiffs to remand a civil action commenced in the New York Supreme Court and removed by defendant to this court under 28 U.S. C. § 1441(b).[1]

Defendant claims that the action is removable because it arises under the treaties and laws of the United States, the matter in controversy exceeds $10,-000, and the District Court has original jurisdiction under 28 U.S.C. § 1331(a).

Plaintiffs contend that the claims stated in their complaint are not based on, nor do they involve, federal laws or treaties, and that therefore this court is

---

1. § 1441(b): "Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or res- idence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

without jurisdiction to entertain the action. It is their position that this is merely an action under state law based on the theory of implied agency and money had and received.

The complaint alleges that plaintiffs Prensa Grafica Cubana S. A. and Editorial Carteles S. A. are Cuban corporations and the owners and publishers of three magazines, Bohemia, Vanidades and Carteles, published in Havana in plants which have been seized by the Cuban Government, that defendant has sold and distributed copies of these magazines, and that he has received money from such sales belonging to them. They sue for an accounting and to recover the net sales price of the magazines, less any commissions to which defendant may be entitled. Defendant is currently enjoined by order of the New York Supreme Court from transferring any of the funds received from such sale and distribution.

Defendant readily admits that the complaint does not expressly rely on any federal law or treaty. However, he claims that it is clear that the claims alleged in the complaint are based on rights arising under the Lanham Act, 15 U.S.C.A. § 1051 et seq., and international conventions for the protection of industrial property and trademarks, and that the complaint is "artfully drawn" so as to avoid disclosing the basis of the claim. Plaintiffs disclaim any such reliance on these or any other federal laws or treaties. They claim to rely upon state common law remedies only.

Plaintiffs' motion to remand must be granted. It is well settled that "[t]he presence of a Federal question which will authorize the removal of a suit from a state to a Federal court must be disclosed by the plaintiff's complaint, unaided by the petition for removal." Romick v. Bekins Van & Storage Co., 5 Cir., 197 F.2d 369, 370. The standards to be applied are stated by Mr. Justice Cardozo in the leading case of Gully v. First National Bank, 299 U.S. 109, at page 112, 57 S.Ct. 96, at page 97, 81 L. Ed. 70:

"How and when a case arises 'under the Constitution or laws of the United States' has been much considered in the books. Some tests are well established. To bring a case within the statute, a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action. Starin v. New York, 115 U.S. 248, 257 [6 S.Ct. 28, 29 L.Ed. 388]; First National Bank [of Canton, Pa.] v. Williams, 252 U.S. 504, 512 [40 S. Ct. 372, 374, 64 L.Ed. 690]. The right or immunity must be such that it will be supported if the Constitution or laws of the United States are given one construction or effect, and defeated if they receive another. Id.; King County [Wash.] v. Seattle School District, 263 U.S. 361, 363, 364 [44 S.Ct. 127, 128, 68 L.Ed. 339]. A genuine and present controversy, not merely a possible or conjectural one, must exist with reference thereto (New Orleans v. Benjamin, 153 U.S. 411, 424 [14 S.Ct. 905, 38 L.Ed. 764]; Defiance Water Co. v. Defiance, 191 U.S. 184, 191 [24 S.Ct. 63, 48 L.Ed. 140]; Joy v. St. Louis, 201 U.S. 332 [26 S.Ct. 478, 50 L.Ed. 776]; [City and County of] Denver v. New York Trust Co., 229 U.S. 123, 133 [33 S.Ct. 657, 57 L.Ed. 1101]), and the controversy must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal. (Tennessee v. Union & Planters Bank, 152 U.S. 454 [14 S.Ct. 654, 38 L.Ed. 511]; Louisville & Nashville R. Co. v. Mottley, 211 U.S. 149 [29 S.Ct. 42, 53 L.Ed. 126]; The Fair v. Kohler Die & Specialty Co., 228 U.S. 22, 25 [33 S.Ct. 410, 57 L.Ed. 716]; Taylor v. Anderson, 234 U.S. 74 [34 S.Ct. 724, 58 L.Ed. 1218]). Indeed, the complaint itself will not avail as a basis of jurisdiction in so far as it goes beyond a statement of the plaintiff's cause of action and anticipates or replies to a

probable defense. Devine v. Los Angeles, 202 U.S. 313, 334 [26 S.Ct. 652, 50 L.Ed. 1046]; The Fair v. Kohler Die & Specialty Co., supra."

See, also, Pan American Petroleum Corp. v. Superior Court of State of Delaware, 81. S.Ct. 1303; Andersen v. Bingham & G. Ry. Co., 10 Cir., 169 F.2d 328, 14 A.L.R.2d 987; Louisiana State Board of Medical Examiners v. Boyd, D.C.W.D.La., 151 F.Supp. 402.

There is nothing on the face of this complaint which indicates that any essential element of these claims is based upon a right arising under federal law or treaty.

As stated in People of Puerto Rico v. Russell & Co., 288 U.S. 476, 483, 53 S.Ct. 447, 449, 77 L.Ed. 903:

"No question of interpretation or enforcement of the federal statute appears upon the face of the complaint. Federal jurisdiction may be invoked to vindicate a right or privilege claimed under a federal statute. It may not be invoked where the right asserted is non-federal, merely because the plaintiff's right to sue is derived from federal law, or because the property involved was obtained under federal statute. The federal nature of the right to be established is decisive—not the source of the authority to establish it."

The only suggestion that plaintiffs may have a right under federal law comes from defendant's petition to remove and his affidavit and papers in opposition to this motion. "[I]t is the rule that to justify removal to the federal court the controlling federal question must appear directly and positively upon the complaint, and cannot be raised by vague inferences from its allegations, nor by judicial knowledge of what the finally controlling laws may be." Venner v. New York Central R. Co., 6 Cir., 293 F. 373, 374, affirmed Venner v. Michigan Cent. R. Co., 271 U.S. 127, 46 S.Ct. 444, 70 L.Ed. 868.

■ The existence of an alternative remedy arising under federal law which plaintiffs might have pursued will not change the result. In the recent similar case of J. H. Smith Co. v. Jordan Marsh Co., D.C.D.Mass., 161 F.Supp. 659, at page 660, the same argument was rejected and the case remanded:

"[Defendant] argues that the complaint states a claim under * * the Lanham Act * * * and is therefore one within the original jurisdiction of this Court. Assuming, however, that the facts set forth would constitute a cause of action under [that Act], the fact remains that plaintiff clearly has elected not to assert any rights it may have under the Lanham Act, but expressly relies only on its rights under common law and the Massachusetts statutes. A case to be removable must set forth a claim arising under the Federal law. It is not enough that plaintiff might on the facts have asserted a Federal claim when he clearly has chosen not to do so."

■ There is no merit to the argument that defendant may be required to raise defenses based on federal statutes and treaties. This will not support removal under 28 U.S.C. § 1441(b). Pan American Petroleum Corp. v. Superior Court of State of Delaware, supra.

Therefore, the plaintiffs' motion to remand to the New York Supreme Court is granted.

It is so ordered.