**ORLEANS MATERIALS AND EQUIPMENT CO., Inc.**

v.

**ISTHMIAN LINES, INC.**

**ORLEANS MATERIALS AND EQUIPMENT CO., Inc.**

v.

**MATSON NAVIGATION COMPANY.**

Civ. A. Nos. 11934, 11935.

United States District Court
E. D. Louisiana.

June 6, 1963.

---

12. See notes 4 and 5, supra.

Henry J. Read, New Orleans, La., for plaintiffs.

Edward S. Bagley, New Orleans, La., for defendants.

Kathleen Ruddell, New Orleans, La., for United States.

## ON REHEARING

ELLIS, FRANK B., District Judge.

Defendant, Isthmian Lines, and Intervenor, United States of America, seek a rehearing and modification of this court's remand to the State Court. 213 F.Supp. 325. Simply stated, these petitioners state that the petition in State Court gives this Court original jurisdiction of the claim under 28 U.S.C.A. § 1337; Acts of Congress Regulating Commerce, and consequently that the State Court proceeding may be removed here as one over which this Court has "original jurisdiction" under 28 U.S.C.A. § 1441. Specifically, petitioners state that suits under the Interstate Commerce Act or the various Maritime Acts are suits under Acts regulating commerce and that this court has original jurisdiction of those suits, citing Weiss v. Los Angeles Broadcasting Co., 9 Cir., 163 F.2d 313; cert. den. 333 U.S. 876, 68 S.Ct. 895, 92 L.Ed. 1152; National Elevator Co. v. Chicago, M. & St. P. Ry. Co., 8 Cir., 246 F. 588; Turner, Dennis & Lowry Lumber Co. v. Chicago, Milwaukee & St. Paul Ry. Co., 271 U.S. 259, 46 S.Ct. 530, 70 L.Ed. 934; and Northwestern Auto Parts v. Chicago, B & Q R. Co., D.Minn., 139 F.Supp. 521, none of which involve removal cases, and S. Patti Construction Co. v. Union Pacific Railroad Co., W.D.Mo., 72 F.Supp. 101, which does involve a removed case. To the extent that those cases do not relate to the removal jurisdiction of this court they do not directly relate to the problem confronting this court. The one case that does bear on removal will be discussed later.

This court does not intend to intimate in its prior opinion that there was no situation in which the original jurisdiction of this court could be invoked under 28 U.S.C.A. § 1337 in a suit involving a tariff dispute where unreasonableness was not involved. The cases cited by petitioners make the contrary all too clear. This court was not, however, confronted with a motion to dismiss by a defendant in a case originally brought in federal court by a plaintiff relying on the maritime commerce statutes and Section 1337. In those circumstances, the aforementioned cases would no doubt have been dispositive of the

matter in favor of federal jurisdiction. This court was faced with a removal of a suit brought in State court to federal court, which action is strictly circumscribed by statute and decision. With particular reference to removal under the federal question jurisdiction of the federal court the language of the Fifth Circuit in Romick v. Bekins Van & Storage Co., 5 Cir., 197 F.2d 369, at 370, is relevant:

"The presence of a Federal question which will authorize the removal of a suit from a state to a Federal court must be disclosed by the plaintiff's complaint, unaided by the petition for removal."

In that case, not only did the petition for removal claim that an order of the Interstate Commerce Commission was involved so as to give jurisdiction on removal but defendant brought an original action in the federal court making the same allegations and requesting an injunction. The District Judge was thus made aware through a petition for removal and the records of his own court that a federal statute was involved. However, the Fifth Circuit held that in deciding the question of removal the District Judge was restricted to the petition in state court and ordered a remand to state court. Similarly, in Prensa Grafica Cubana S. A. v. Osle, S.D.N.Y., 195 F. Supp. 636, the District Judge remanded a suit to state court in which the petition merely disclosed an action cognizable under the law of the State. The fact that defendant, in its removal petition, claimed that the suit was actually brought under the Lanham Act, 15 U.S. C.A. § 1051 et seq., (somewhat similar to the procedure used by defendants here), was unavailing because this was not disclosed by the state court petition. The defendant may not characterize the state court petition so as to create a federal question. See Willingham v. Creswell-Keith, Inc., W.D.Ark., 160 F.Supp. 741; Prensa Grafica Cubana S. A. v. Osle, supra. This court must examine the state court petition and see if, in fact, it discloses a federal question independent of state grounds. For this reason, the cases cited by petitioners which hold that a complaint in federal court which relies on interpretations of congressional commerce statutes give rise to federal question jurisdiction under Section 1337 are not relevant. This court's prior opinion sought to determine if every suit involving a commercial tariff was necessarily under the Shipping Acts or necessarily involved a federal question. This court concluded it did not.

In the S. Patti Construction Co. case, supra, the District Judge considered a motion to remand on a tariff case. In deciding that the state court petition disclosed a federal question, the court took pains to quote from that portion of the petition which disclosed an allegation of interstate commerce. This being the case, there was original jurisdiction under § 1337. A similar approach must be taken in this case. Does the state court petition disclose some activity over which the federal government has cognizance?

■ The State Court petition alleges that the tariff in issue is consistent with Tariff No. 12 of the Atlantic and Gulf/ Hawaiian Conference. The legislative history of the amendments to the Shipping Acts indicates that these "Conferences" were of particular concern to the Congress and extensive reports were made on them prior to enactment of the legislation. See 1961 U.S.Code Cong. and Admin.News, p. 3110 et seq. The amendments to the Shipping Acts make particular reference to their coverage of "conferences". See e. g. § 46 U.S. C.A. §§ 813a and 814. The allegation in the State court petition with regard to the Tariff as a part of the conference indicates that there is a dispute which will necessarily involve statutes of the United States and, due to peculiar method of regulation, will in fact involve interpretations of those statutes. To this extent, then, the Court was in error in holding that there was not a federal question sufficient to give this court original jurisdiction of this action without regard to the amount in controversy under 28 U.S.C.A. § 1337. For this reason,

the Court will withdraw the order of remand and order that the defendant Isthmian Lines, Inc.'s removal will be confirmed and CA 11934 will be restored to the docket of this court. In accordance with the views expressed in the former opinion of this court, CA 11934 will be stayed pending determination by the Federal Maritime Board of matters within its primary jurisdiction.