**STOCKTON PORT DISTRICT,**
Petitioner,

v.

**FEDERAL MARITIME COMMISSION**
**and United States of America,**
**Respondents.**

No. 20544.

United States Court of Appeals
Ninth Circuit.

Nov. 21, 1966.

———————◆———————

Albert E. Cronin, Jr., Stockton, Cal., J. Richard Townsend, Martinez, Cal., for petitioner.

James L. Pimper, Gen. Counsel, Robert N. Katz, Sol., Walter H. Mayo, III, Atty., Federal Maritime Comm., Donald F. Turner, Asst. Atty. Gen., Irwin A. Seibel, Atty., Dept. of Justice, Washington, D. C., for respondents.

Edward D. Ranson, Gordon I. Poole, of Lillick, Geary, Wheat, Adams & Charles, San Francisco, Cal., for intervenors Pacific Westbound Conference and its member lines.

Thomas C. Lynch, Atty. Gen., of California, Miriam E. Wolff, Deputy Atty. Gen., for intervener State of California.

Before POPE, BROWNING and DUNIWAY, Circuit Judges.

PER CURIAM.

This is a petition to review an order of the respondent Federal Maritime Commission. Petitioner filed a complaint before the Commission naming Pacific Westbound Conference, the Pacific Straits Conference, the Pacific/Indonesian Conference, and individual members of the Conferences, as respondents. The complaint alleged that certain port equalization provisions in the tariffs of such Conferences were unlawful and void when applied against the Port of Stockton. After finding that certain of the port equalization provisions were unlawful, the Commission held that the port equalization rules and practices of these Conferences were not unlawful in the case of port equalization against the Port of Stockton on cargo loaded at San Francisco or any other port located on San Francisco Bay, and entered an order accordingly. It is this portion of the order which petitioner asks us to review and set aside.

The report, opinion and order of the Commission are entitled No. 1086 Stockton Port District v. Pacific Westbound Conference et al., Decided September 28, 1965, and are reported in 9 F.M.C. 12, where the facts, the contentions of the parties, and the rulings of the Commission are fully set forth. We deem it unnecessary therefore to recite these matters in the opinion of this court.

As we approach this matter we bear in mind the limitations upon our powers as a reviewing court to substitute our judgment or discretion for that of the agency. These were set forth recently in the case of Consolo v. Federal Maritime Comm.,

383 U.S. 607, 619–621, 86 S.Ct. 1018, 16 L.Ed.2d 131 as follows: "Section 10(e) of the Administrative Procedure Act ([60 Stat. 243,] 5 U.S.C. § 1009(e) (1964 ed.)) gives a reviewing court authority to 'set aside agency action, findings, and conclusions found to be (1) arbitrary, capricious, [or] an abuse of discretion * * [or] (5) unsupported by substantial evidence * * *' Cf. United States v. Interstate Commerce Comm., 91 U.S.App. D.C. 178, [183–184] 198 F.2d 958, 963–964, cert. denied, 344 U.S. 893, [73 S.Ct. 212] 97 L.Ed. 691. We have defined 'substantial evidence' as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' Consolidated Edison Co. of New York v. National Labor Relations Board, 305 U.S. 197, 229, [59 S.Ct. 206, 217,] 83 L.Ed. 126. '[I]t must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury.' National Labor Relations Board v. Columbian Enameling & Stamping Co., 306 U.S. 292, 300, [59 S.Ct. 501, 505,] 83 L.Ed. 660. This is something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence. National Labor Relations Board v. Nevada Consolidated Copper Corp., 316 U.S. 105, 106, [62 S.Ct. 960, 961,] 86 L.Ed. 1305; Keele Hair & Scalp Specialists, Inc. v. FTC, 5 Cir., 275 F.2d 18, 21.

Congress was very deliberate in adopting this standard of review. It frees the reviewing courts of the time-consuming and difficult task of weighing the evidence, it gives proper respect to the expertise of the administrative tribunal and it helps promote the uniform application of the statute. These policies are particularly important when a court is asked to review an agency's fashioning of discretionary relief. In this area agency determinations frequently rest upon a complex and hard-to-review mix of considerations. By giving the agency discretionary power to fashion remedies, Congress places a premium upon agency expertise, and, for the sake of uniformity, it is usually better to minimize the opportunity for reviewing courts to substitute their discretion for that of the agency."

This court had occasion to make notation of the same limitations in Trans-Pacific Frgt. Conf. of Japan v. Federal Maritime Comm., 9 Cir., 314 F.2d 928, 935, where, citing decisions of the Supreme Court, we said: "The Commission was an administrative body set up for the purpose of dealing administratively with the problems presented from time to time under the Shipping Act. Its function in this respect was not unlike similar functions performed by the National Labor Relations Board, the Federal Communications Commission, and other commissions created by act of Congress. It has long been recognized that such an administrative body has a broad discretion in effectuating the policies of the Act creating the Commission to determine whether certain statutory requirements apply to certain individuals or groups. In making those decisions such administrative bodies are not limited by common law concepts. The question always is whether the determination of the board or commission has ' "warrant in the record" and a reasonable basis in law.' National Labor Relations Board v. Hearst Publications, 322 U.S. 111, [64 S.Ct. 851] 88 L.Ed. 1170, * * *.'"

In our view the very complete and elaborate decision of the Maritime Commission discloses that its conclusions do have warrant in the record, a reasonable basis in law, and are supported by substantial evidence.

The petition for review is denied and the order of the Commission is affirmed.