**INTERCONEX, INC., Petitioner,**

v.

**FEDERAL MARITIME COMMISSION and the United States of America, Respondents.**

No. 433, Docket 77–4115.

United States Court of Appeals, Second Circuit.

Argued Dec. 15, 1977.

Decided Jan. 26, 1978.

**28**

Robert L. McGeorge, Washington, D. C. (Galland, Kharasch, Calkins & Short, Washington, D. C., Austrian, Lance & Stewart, New York City, Sandra G. Behrle, Josiah K. Adams, Jr., New York City, on the brief), for petitioner.

Edward G. Gruis, Deputy Gen. Counsel (Federal Maritime Commission, Washington, D. C., Dale C. Andrews, Washington, D. C., Joseph N. Ingolia, Gen. Counsel, on the brief), for respondent Federal Maritime Commission.

Francis X. Byrn, New York City (Haight, Gardner, Poor & Havens, New York City), for intervenor Sea-Land Service, Inc.

Before LUMBARD, MOORE and MULLIGAN, Circuit Judges.

MULLIGAN, Circuit Judge:

The petitioner, Interconex, Inc., seeks review of a final order of the Federal Maritime Commission (FMC) dismissing on appeal a complaint (Docket No. 75–24) brought by Interconex against Sea-Land Service, Inc. (Sea-Land), an intervenor on this appeal. Review of the FMC decision by this court is governed by the Administrative Procedure Act, 5 U.S.C. §§ 704, 706. The procedural problems encountered here were precipitated by the filing on June 5, 1975 by Colt Industries Operating Corp. (Colt) of a reparation claim [1] (Docket No. 75–19) with the FMC against Interconex and three other common carriers including Sea-Land. Colt charged that Interconex had misstated the weights and measurements of shipments it was making to the Republic of Korea for Colt. Consequently, Interconex allegedly collected from Colt some $500,000 in overcharges in violation of applicable tariffs. Interconex filed a counterclaim with the FMC in this proceeding.

Interconex is a nonvessel operating common carrier which assumed carrier responsibilities to Colt for the movement of the cargo in question. It had engaged three underlying common carriers, including Sea-Land, to transport the Colt cargo to ports in Korea. Interconex contended that all its records indicated that it had not overstated any cargo measurements or weights in billing Colt. If Colt succeeded in establishing, however, that the actual cargo measure-

---

1. The claim was made pursuant to Section 22 of the Shipping Act, 1916, as amended, 46 U.S.C. § 821.

ments and weights were less than those stated on the Interconex bills of lading, then Interconex's position was that it had overpaid the underlying carriers and would have a claim over against them.

Had Colt asserted its claim in the federal courts, Interconex clearly would have had the procedural remedy of filing a cross-claim against the carriers under Fed.R. Civ.P. 13(g). However, a difficulty arises because the FMC concededly has no third party practice rules. While it would have been possible for Interconex to file a protective action in the Southern District of New York where all the carriers were amenable to process, see *Orleans Materials & Equipment Co. v. Isthmian Lines, Inc.*, 213 F.Supp. 325 (E.D.La.), modified on rehearing on other grounds, 218 F.Supp. 322 (E.D. La.1963), Interconex instead on June 25, 1975 filed a separate claim with the FMC (Docket No. 75–24) against the underlying carriers who were its co-respondents in Docket No. 75–19. In essence, this complaint was contingent upon Interconex's refunding freight charges to Colt should that company be successful in its reparation claim against Interconex. Interconex argues that it could not defer assertion of its claim over against the carriers until resolution of the Colt claim by the FMC because its cause of action against the carriers was subject to a two-year statute of limitations. 46 U.S.C. § 821.

Eventually, on August 11, 1975, the FMC Administrative Law Judge dismissed the complaint in Docket No. 75–24. On August 15, 1975 in a further "order upon Sua Sponte Reconsideration" the Administrative Law Judge reaffirmed the dismissal of the Interconex complaint substantially for the reason that the FMC rules did not provide for cross complaints. An appeal of this order was filed with the FMC by Interconex on August 25, 1975. Subsequently, the FMC Administrative Law Judge on September 5, 1975 dismissed the Colt complaint and the Interconex counterclaim in Docket No. 75–19. No appeal of this dismissal was taken since settlement negotiations were taking place among Colt, the Republic of Korea and all the carriers. Ultimately, all disputes among the parties were settled except that between Sea-Land and Interconex.[2]

The same settlement negotiations delayed prosecution of the Interconex appeal of the dismissal of its claim (Docket No. 75–24) to the FMC. Finally, on April 1, 1977, the FMC upheld the order of the Administrative Law Judge and dismissed with prejudice the Interconex claim against Sea-Land (Docket No. 75–24). It is this order which petitioner seeks to set aside.

In its appeal to the FMC Interconex argued that if the complaint was inadequate the proper remedy was not to dismiss it but to permit its amendment pursuant to Rule 5(j) of the Commission's Rules of Practice and Procedure, 46 C.F.R. § 502.70.[3] In its order of April 1, 1977, the FMC refused to permit amendment because it viewed the complaint as a purely contingent claim based solely upon the eventuality of a Colt recovery against Interconex arising from Colt's complaint in Docket No. 75–19. As noted above, that claim had been dismissed by the FMC. The FMC therefore found that Interconex had "no claim as to which, under any set of circumstances, as framed, it would prevail."

**2.** In March, 1977 Sea-Land brought an action against Interconex in the Southern District of New York, *Sea-Land Service, Inc. v. Interconex, Inc.*, 77 Civ. 1332 (S.D.N.Y.); Interconex has counterclaimed in that action. As indicated by counsel on the argument of this appeal, Sea-Land will urge that the two year statute of limitations bars the Interconex claim.

**3.** FMC Rule 5(j), 46 C.F.R. § 502.70 provides in pertinent part:

Amendments or supplements to any pleadings will be permitted or rejected in the dis-

cretion of the Commission if the case has not been assigned to a presiding officer for hearing, otherwise in the discretion of the officer designated to conduct the hearing: *Provided,* That after a case is assigned for hearing no amendment shall be allowed which would broaden the issues, without opportunity to reply to such amended pleading and to prepare for the broadened issues. The presiding officer may direct a party to state his case more fully and in more detail by way of amendment. . . .

At the outset we cannot agree with the respondent FMC that its dismissal of the Colt claim necessarily mooted the Interconex contingent claim. This argument is based upon an exceedingly narrow and formalistic view of the contingency alleged in the Interconex complaint. Paragraph 8 of that complaint stated "if Interconex is finally required to pay reparation to Colt under *or in consequence of the Colt complaint* in Docket 75–19, the underlying carriers—respondents herein—will or may be required to indemnify Interconex for all or part of such reparation." (Emphasis supplied). The claim so described by Interconex, in our view, was not meant to be asserted only if the FMC ordered Interconex to pay Colt. The contingency was stated broadly enough to encompass any settlement arising from the FMC action which caused a similar result.[4] It was due to the Colt complaint that the settlement was negotiated and Interconex became obligated to pay. Therefore, the dismissal of Colt's action should not be found to have mooted Interconex's claim against the underlying carriers.

Moreover, even if the complaint was technically deficient on this ground, petitioner was seeking the opportunity for an amendment of its complaint which is clearly provided for in FMC Rule 5(j). It is well established that pleadings in administrative agency proceedings are to be "very easily amended." *National Realty & Construction Co. v. OSH Review Comm'n,* 160 U.S.App. D.C. 133, 140, 489 F.2d 1257, 1264 (1973); 1 K. Davis, Administrative Law Treatise § 8.04 at 523 (1958); see Fed.R.Civ.P. 15. Indeed, a liberal attitude toward pleadings has been held specifically appropriate in

FMC proceedings. *Chr. Salvesen & Company, Ltd. v. West Michigan Dock & Market Corp.,* 9 SRR 1154, 1156 (Init. Dec. 1968); *Stockton Port District v. Pacific Westbound Conference,* 9 FMC 12, 33 (1965), aff'd sub nom. *Stockton Port District v. Federal Maritime Commission,* 369 F.2d 380 (9th Cir. 1966), cert. denied, 386 U.S. 1031, 87 S.Ct. 1479, 18 L.Ed.2d 592 (1967). Furthermore, the dismissal of a complaint with prejudice is a drastic remedy which "should be applied only in extreme circumstances." *Independent Productions Corp. v. Loew's,* 283 F.2d 730 (2d Cir. 1960). It is uncontested that the Interconex complaint in issue here gave ample notice to all the parties of the general claims made by petitioner. An amendment would permit any further clarification which might be needed to enable Sea-Land to frame precise answers to Interconex's claims. Therefore, we find that the denial of permission to amend and the dismissal of the complaint with prejudice by the FMC constituted an abuse of discretion necessitating a remand to that agency with directions that the petitioner be given the opportunity to file an amended complaint.

The FMC, however, contends that its jurisdiction over reparation claims is not exclusive and that an affirmance of its order here will permit Sea-Land and Interconex to pursue their remedies in the pending action in the district court, see note 2, *supra.* This overlooks entirely the fact that such relief may be time barred, a position which, as counsel for the intervenor indicated on oral argument, Sea-Land will take in that action.[5] In any event, we cannot agree that the possibility of district court relief should preclude Interconex from pursuing its agency remedy. Petitioner

---

4. We do not overlook the relief clause at the end of the Interconex complaint which states that relief is sought "if after hearing the complaint in 75–19 the Commission orders Interconex to pay reparations to Colt." However, it is well established that the facts and issues alleged in the pleadings and not the form of the prayer for relief determine the relief to be granted. 5 C. Wright & A. Miller, Federal Practice and Procedure: Civil § 1255 at 252–53. The precedential value of the Federal Rules of Civil Procedure in construction of FMC proce-

dures is well recognized. 46 U.S.C. § 826(a); see *Chr. Salvesen & Company, Ltd. v. West Michigan Dock & Market Corp.,* 9 SRR 1154 (Init. Dec. 1968).

5. Of course, we take no position on the merits of this contention. We simply note that the FMC's dismissal of the complaint with prejudice, at the least, raises this obstacle to the resolution of the merits of Interconex's claim in the district court.

brought a timely complaint before a commission which has expertise in these matters, which had all of the parties before it, and which equitably and sensibly should have disposed of the matter.[6]

The order of the Commission is set aside and the matter is remanded for further proceedings in accordance with this opinion.

6. Interconex claims that it now knows that certain cargo measurements used by Sea-Land to calculate its freight charges were overstated. Consequently, it is prepared to file an "ordinary, traditional and unconditional claim against Sea-Land before the FMC." The merits of this claim are not in issue before us. We simply hold that Interconex should be given the right to file an amended complaint in an FMC proceeding.