## JOY v. CITY OF ST. LOUIS.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE
EASTERN DISTRICT OF MISSOURI.

No. 204.    Argued March 9, 1906.—Decided April 2, 1906.

Where diversity of citizenship does not exist, plaintiff cannot make out a
case as arising under the Constitution and laws of the United States
so as to give the Circuit Court jurisdiction, unless it necessarily appears
by his complaint in stating his own claim, and it cannot be made to
appear by an assertion in plaintiff's pleading, that the defense raises
a Federal question.

The mere fact that plaintiff's title comes from a patent or under an act
of Congress does not necessarily involve a Federal question; there must
be an actual dispute as to the construction of the patent or act.

While the Federal court construes Government grants without reference
to the construction adopted by the States for their grants, the incidents
attached to ownership of property conveyed by the United States bor-
dering on a navigable stream are to be determined by the State in which
it is situated subject to the limitation that its rules do not impair the
efficacy of the grant or its use by the grantee.

Whether land contained in an original patent reached to a river under
the distances called for is a question of fact, and whether the patentee
is entitled to accretion is a question of local and not Federal law, and
ejectment for the land made by accretion cannot, where diversity of
citizenship does not exist, be maintained in the Circuit Court as a case
arising under the laws of the United States.

Although a case may not be one on plaintiff's statement of which the Cir-
cuit Court has jurisdiction as arising under the Constitution and laws
of the United States, if the case is brought in the state court questions
of a Federal nature may arise during the trial, and the party who specially
sets up a Federal right which is denied may have the same reviewed
by this court by writ of error under § 709, Rev. Stat.

THIS is an action of ejectment to recover certain lands in the
City of St. Louis, State of Missouri, described in the petition,
which was filed in the Circuit Court of the United States for the
Eastern District of Missouri. The petition was dismissed by

the court solely upon the ground that the court was without jurisdiction, and the trial judge so certified the fact.   The plaintiff sued out a writ of error and brought the case directly here for review under the fifth section of the act of 1891.   1 Comp. Stat. 549.

The petition sets forth in detail the title of the plaintiff in error to the premises which he seeks to recover in this action. It is therein stated that a confirmation of a concession was made by the commissioners appointed pursuant to an act of Congress, approved March 2, 1805, entitled "An act for the ascertaining and adjusting the titles and claims to land, within the Territory of Orleans, and the District of Louisiana," such concession having been made to one Louis Labeaume, of 360 arpents of land, by the lieutenant governor of the Spanish Province of Upper Louisiana, on February 15, 1799, and it was duly surveyed and certified April 10, 1799.   The land remained an outlot, adjoining and belonging to the former town or village (now city) of St. Louis, and said outlot was owned, claimed, inhabited, cultivated and possessed by Labeaume prior to the twentieth day of December, 1803.   By virtue of the first section of an act of Congress, approved June 13, 1812, entitled "An act making further provision for settling the claims to land in the Territory of Missouri," the title in fee simple to said concession, survey, confirmation and outlot was confirmed and granted to Labeaume.

Pursuant to an act of Congress, approved March 3, 1807, letters patent of the United States were issued to Labeaume, bearing date the twenty-fifth day of March, 1852, which letters purported and were sufficient to grant to Labeaume, or his legal representatives, the premises mentioned in the patent. On the sixth day of June, 1874, those from and under whom plaintiff derives title to the real estate sued for were the owners of the concession, and by an act of Congress, entitled "An act obviating the necessity of issuing patents for certain private land claims in the State of Missouri, and for other purposes," approved June 6, 1874, it is provided that the right, title and

interest of the United States in and to all of the lands in the State of Missouri, which had been confirmed by Congress, or officers acting under and by authority of Congress, were granted, released and relinquished by the United States, in fee simple, to the respective owners of the equitable titles thereto, their heirs and assigns, forever, as fully and completely in every respect whatever as could be done by patents issued therefor according to law.

By virtue of these matters and by mesne conveyances from Labeaume it was averred that plaintiff became the owner of the land in question, and that a controversy had arisen between the plaintiff and the defendants herein as to the proper construction and legal effect of the letters patent and the acts of Congress, approved June 13, 1812, and June 6, 1874, and the plaintiff herein averred in his petition—

" that under and by virtue of said confirmation, act of Congress approved June 13th, 1812, letters patent and act of Congress approved June 6th, 1874, said river (Mississippi) is the western boundary of said outlot, confirmation .to Louis Labeaume, and said Soulard survey and survey number 3333, and that the said Louis Labeaume or his legal representatives were thereby granted all of the land lying on said west bank of said river, between the northern and southern boundary lines of said outlot, confirmation, Soulard's survey and United States survey number 3333, to said river, and that they were thereby constituted riparian proprietors and owners of all the land along said river bank between said north and south lines of said outlot, confirmation, and surveys, and were thereby vested with the title to, and ownership of, all land thereafter formed by accretions or gradual deposits from the said river along said west bank thereof, between said north and south lines of said. outlot, confirmation and surveys, where a large body of land was formed by accretions to said outlot, confirmation and surveys.

"That said claim of plaintiff as to the proper construction and legal effect of said confirmation, acts of Congress approved

June 13th, 1812, and June 6th, 1874, respectively, and patent, is disputed by defendants, and contested by them in regard to the title of the land hereinafter described, and which land is a portion of the land formed by accretions or gradual deposits from said river, along said west bank thereof, between said north and south lines of said outlot, confirmation and surveys, and which thereby became a portion of the land granted by said letters patent and acts of Congress approved June 13th, 1812, and June 6th, 1874, respectively, and is the land herein, sued for."

It is then averred that the proper construction and legal effect of the confirmation, acts of Congress and letters patent constitute the controlling question in the case, upon the correct decision of which plaintiff's title to the premises sought to be recovered herein depends, and he "therefore avers that this suit arises under the law of the United States, and said confirmation. made and letters patent issued in pursuance thereof, and said acts of Congress, approved June 13, 1812, and June 6, 1874, respectively."

"He further states that as such legal owner of the premises he was entitled to the possession of the same under and by virtue of said confirmation, letters patent and acts of Congress, approved June 13, 1812, and June 6, 1874, respectively, on the 16th day of June, 1896, which are described as follows:" The plaintiff. then gives a description of the land in controversy, which he alleges to be a portion of the accretions of the outlot, confirmation and surveys already mentioned.

It was also alleged that the defendants entered upon the premises on the sixteenth of June, 1896, claiming to own the same as a wharf, under and by virtue of section 9 of an act of Congress approved June 12, 1866, entitled "An act authorizing documentary evidence of title to be furnished to the owners of certain lands in the City of St. Louis."

Plaintiff then demanded judgment for the recovery of the premises, and five thousand dollars for the unlawful withholding of the same, and one hundred dollars for monthly rents and

profits, from the rendition of judgment until the possession of the premises is delivered to plaintiff.

The manufacturing company defendant filed an answer, denying each and every allegation of the petition. It also set up that it held the premises under the City of St. Louis and that the city (and the defendant holding under it) has had open, continuous, notorious and adverse possession of the premises, under claim and color of title, for more than ten years next before the filing of said petition.

The City of St. Louis filed a separate plea to the jurisdiction of the court, and asserted that it had no jurisdiction to try and determine the cause, because no Federal question or question of any kind giving jurisdiction to the court under the statutes and laws of the United States is involved in the issues in this cause. It further set up the facts in relation to the case of *Sweringen* v. *St. Louis,* in which the plaintiff therein claimed title to and possession of the property next immediately north of the premises herein claimed by plaintiff, under the same patent of the United States as that under which the plaintiff herein claims, and the history of the litigation is given, and the decision of the case in this court is referred to, which is to be found reported in 185 U. S. 38.

*Mr. E. P. Johnson* for plaintiff in error:

The petition is a statutory one in ejectment and sets out in detail and with great particularity the claims of plaintiff in error. It follows and elaborates the petition in form and substance, epitomized in the case of *Cooke* v. *Avery,* in stating the claims of plaintiff in error under said acts of Congress, the dispute and denial of said claims by defendants in error, and that said claims constitute the controlling question in the case and upon the proper construction and legal effect of which his rights depend, and it sufficiently states a Federal question. *Cooke* v. *Avery,* 147 U. S. 375; *Carondelet* v. *St. Louis,* 1 Black, 180; *Lake Superior &c. Co.* v. *Cunningham,* 155 U. S. 354; *Wisconsin Central Railway Co.* v. *Forsythe,* 159 U. S. 46; *Spo-*

*kane Falls and Northern Railway Co.* v. *Ziegler,* 167 U. S. 65;
*Northern Pacific Railway Co.* v. *Soderberg,* 188 U. S. 526;
*Doolan* v. *Carr,* 125 U. S. 618, 620.

There is a sufficient statement to show that the construction
and legal effect of the acts of Congress and patent as to the
right to alluvion and the extent to which land was, or might
have been, conveyed by them was required, and therefore pre-
sented a Federal question. *Security Land & Exploration Co.*
v. *Burns,* 193 U. S. 167, 171; *Jefferis* v. *East Omaha Land Co.,*
134 U. S. 178, 182; *Packer* v. *Bird,* 137 U. S. 661, 662. This
conflict of grants, the allegation of an entry by a claimant
claiming to own the land under one of them, having been made
to identify the premises with the conflicting grants, presents
a Federal question and it has been the source of much litiga-
tion. *Ross* v. *Doe,* 1 Pet. 655, 664; *Baldwin* v. *Stark,* 107
U. S. 463, 464; *Shively* v. *Bowlby,* 152 U. S. 1, 9; *Hussman* v.
*Durham,* 165 U. S. 144, 147; *Pickering* v. *Lomax,* 145 U. S. 310,
313; *Glasgow* v. *Baker,* 128 U. S. 560 571; *Wallace* v. *Parker,*
6 Pet. 680, 686; *Neilson* v. *Lagow,* 7 How. 772, 775; *Bell* v.
*Hearne,* 19 How. 252, 263; *Cousin* v. *Labatut,* 19 How. 202, 207;
*Berthold* v. *McDonald,* 22 How. 334, 338; *Little* v. *Arkansas,*
22 How. 193, 202; *Magwire* v. *Tyler,* 1 Black, 195, 202; *Reich-
art* v. *Felps,* 6 Wall. 160, 165; *Silver* v. *Ladd,* 6 Wall. 440;
*French-Glenn Live Stock Co.* v. *Springer,* 185 U. S. 47, 54;
*Mobile Transportation Co.* v. *Mobile,* 187 U. S. 479, 482;
*Kean* v. *Calumet Canal Co.,* 190 U. S. 452, 458; *Lavagnino*
v. *Uhlig,* 198 U. S. 443, 450; *Gleason* v. *White,* 199 U. S.
54.

If plaintiff in error on a trial in the court below should
fail to produce sufficient evidence to vese a legal title in La-
beaume, under act of June 13, 1812, then the only question
would be whether the patent or the first section of the act of
Congress of June 6, 1874, 18 Stat. 62, vested it in him, and in
the event of a contest between them in regard to the title, it
would present a Federal question. *Campbell* v. *Laclede Gas
Light Co.,* 119 U. S. 445, 446. *Sweringen* v. *S', Louis,* 185 U. S.

38, has no bearing on this case. See *Sutton* v. *Dameron*, 100 Missouri, 141, 149.

*Mr. Charles Claflin Allen*, with whom *Mr. Charles W. Bates* and *Mr. Henry W. Allen* were on the brief, for defendants in error:

There being no allegation of diversity of citizenship, the only question involved is, whether the petition discloses a cause of action arising under the laws of the United States so as to give the court below jurisdiction of the cause. The jurisdiction of that court is defined by act of August 13, 1888, 25 Stat. 433.

In order to give the lower court jurisdiction the necessary facts to confer jurisdiction must be stated in the petition itself, and, unless the jurisdictional facts affirmatively appear from the record, the presumption upon writ of error or appeal, is that the court below was without jurisdiction. *King Iron Bridge & Mfg. Co.* v. *Otoe County*, 120 U. S. 225; *Third Street & Suburban Ry. Co.* v. *Lewis*, 173 U. S. 457; *Florida Central Ry. Co.* v. *Bell*, 176 U. S. 321; *Minnesota* v. *Northern Securities Co.*, 194 U. S. 48.

No jurisdiction is shown by the record in this case. It does not appear on the face of the record that some title, right, privilege or immunity, on which the recovery depends, will be defeated by one construction of the Constitution or a law of the United States, or sustained by an opposite construction. *Starin* v. *New York*, 115 U. S. 257; *Germania Ins. Co.* v. *Wisconsin*, 119 U. S. 473; *Cooke* v. *Avery*, 147 U. S. 375.

Jurisdiction cannot be conferred by alleging that defendant intends to dispute the validity of some law of the United States or to assert a defense based on some such law. *Tennessee* v. *Union & Planters' Bank*, 152 U. S. 454; *Florida Central R. R. Co.* v. *Bell*, 176 U. S. 321; *Chappell* v. *Waterworth*, 155 U. S. 102; *Walker* v. *Collins*, 167 U. S. 57; *Sawyer* v. *Kochersperger*, 170 U. S. 303; *Arkansas* v. *Coal Co.*, 183 U. S. 185; *Little York Gold Washing Water Co.* v. *Keyes*, 96 U. S. 199.

In an action of ejectment the plaintiff must recover, if at all,

upon the strength of his own title. The weakness of his adversary's cannot avail him. *McNitt* v. *Turner,* 16 Wall. 352. The plaintiff cannot confer Federal jurisdiction by anticipating the . defendant's claims of title, which the court may never be called, upon to consider, or by raising fictitious disputes with himself. *McGuire* v. *Blount,* 199 U. S. 142; *Watts* v. *Lindsey,* 7 Wheat. 158. The law concerning ejectment is the same in Missouri as in the United States courts. *Hunt* v. *Searcy,* 167 Missouri, 158.

The original jurisdiction of the Circuit Courts of the United States under the act of August 13, 1888, 25 Stat. 433, is quite different from the appellate jurisdiction of the Supreme Court under § 709 of the Revised Statutes. Cases, therefore, in which the Supreme Court has jurisdiction on writ of error to a state Supreme Court are not authorities on the questions of jurisdiction here involved. *Carson* v. *Dunham,* 121 U. S. 421.

The fact that one of the parties has derived his title directly under an act of Congress does not, for that reason alone, present a Federal question. *Blackburn* v. *Portland Gold Mining Co.,* 175 U. S. 571; see also *Shoshone Mining Co.* v. *Rutter,* 177 U. S. 505.

The fact that the language of a grant from the United States may have to be construed in the usual and ordinary way applicable to instruments conveying title in order to determine the correct measurements of the land conveyed does not raise a Federal question. *Sweringen* v. *St. Louis,* 185 U. S. 38.

The many cases cited by plaintiff in error, in which this court passed the question of jurisdiction *sub silentio,* are no authority in the case at bar. *New* v. *Oklahoma,* 195 U. S. 252; *United States* v. *More,* 3 Cranch, 159.

Plaintiff, in setting up the various acts of Congress and claiming that differences may exist between them is disputing with himself—not with the defendants. They resulted in a patent from the United States, the validity of which is not disputed. All plaintiff needs to show is one title, good in him, to make out a *prima facie* case and he cannot rely upon possible defects in that title in order to raise a Federal question. *Langdeau* v.

*Hanes,* 21 Wall. 521; *Morrow* v. *Whitney,* 95 U. S. 551; *Wright* v. *Roseberry,* 121 U. S. 488.

Mr. Justice Peckham, after making the foregoing statement, delivered the opinion of the court.

There is no diversity of citizenship in this case, and the only ground of jurisdiction claimed is that the action arises under the laws of the United States. The case is a pure action of ejectment, and the general rule in such actions, as to the complaint, is that the only facts necessary to be stated therein are, that plaintiff is the owner of the premises described, and entitled to the possession, and that defendant wrongfully withholds such possession, to plaintiff's damage in an amount stated. Setting out the source of the plaintiff's title, as was done with so much detail in this case, was unnecessary, but it does not alter the case, because a claim that the title comes from the United States does not, for that reason merely, raise a Federal question.

It is a long-settled rule, evidenced by many decisions of this court, that the plaintiff cannot make out a case as arising under the Constitution or the laws of the United States unless it necessarily appears by the complaint or petition or bill in stating plaintiff's cause of action. In *Gold-Washing Co.* v. *Keyes,* 96 U. S. 199, 203, it was said that before the Circuit Court can be required to retain a cause under its jurisdiction, under section 5, act of 1875, it must in some form appear upon the record, by a statement of facts, in legal and logical form, such as is required in good pleading, that the suit is one which really and substantially involves a dispute or controversy, as to a right which depends upon the construction or effect of the Constitution, or some law or treaty of the United States. That was a case of a petition for a removal of a suit from the state to the Federal court. But it has been held that whether there is a right of removal in such cases depends upon whether the Circuit Court could have exercised original jurisdiction. *Third Street &c. Co.* v. *Lewis,* 173 U. S. 457; *Arkansas* v. *Coal Co.,*

183 U. S. 185; *Boston &c. Mining Co.* v. *Montana &c. Co.,* 188 U. S. 632, 640. This original jurisdiction, it has been frequently held, must appear by the plaintiff's statement of his own claim, and it cannot be made to appear by the assertion in the plaintiff's pleading that the defense raises or will raise a Federal question. As has been stated, the rule is a reasonable and just one that the complainant in the first instance shall be confined to a statement of his cause of action, leaving to the defendant to set up in his answer what his defense is, and, if anything more than a denial of plaintiff's cause of action, imposing upon the defendant the burden of proving such defense. This principle was given effect to in *Tennessee* v. *Union & Planters' Bank,* 152 U. S. 454; *Muse* v. *Arlington Hotel Co.,* 168 U. S. 430; *Third Street &c. Co.* v. *Lewis,* 173 U. S. 457; *Arkansas* v. *Coal Co.,* 183 U. S. *supra; Filhiol* v. *Maurice,* 185 U. S. 108; *Boston &c. Co.* v. *Montana &c. Co.,* 188 U. S. *supra.*

The mere fact that the title of plaintiff comes from a patent or under an act of Congress does not show that a Federal question arises. It was said in *Blackburn* v. *Portland &c. Co.,* 175 U. S. 571, that "this court has frequently been vainly asked to hold that controversies in respect to lands, one of the parties to which had derived his title directly under an act of Congress, for that reason alone presented a Federal question." The same principle was held in *Shoshone Mining Co.* v. *Rutter,* 177 U. S. 505, and also in *De Lamar's Gold Mining Co.* v. *Nesbitt,* 177 U. S. 523.

To say that there is a dispute between the parties as to the construction of the patent or of the several acts of Congress referred to, does not raise a Federal question, because a statement that there is such dispute is entirely unnecessary in averring or proving plaintiff's cause of action. His source of title, as set forth in the petition, might not be disputed, and the defense might rest upon the defense of adverse possession, as set up in the answer. If defendants contented themselves on the trial with proof of such defense, then no question of a Federal nature would have been tried or decided.

In those cases where the dispute necessarily appears in the course of properly alleging and proving the plaintiff's cause of action, the situation is entirely different.   In this case the real dispute, as stated by the plaintiff, is whether plaintiff is entitled to the land formed by accretion, which has taken place many years since the patent was issued and since the acts of Congress were passed.   There is no dispute as to the terms of the patent or of the acts of Congress.   The language of the averment in the petition (which is set out in full in the foregoing statement of facts) shows that the controversy in dispute is not at all in regard to the land covered by the letters patent or by the acts of Congress, and no dispute is alleged to exist as to such land, but the dispute relates to land, "which land is a portion of the land formed by accretions or gradual deposits from said river, along said west bank thereof, between said north and south lines of said outlot, confirmation and surveys, and which thereby became a portion of the land granted by said letters patent and acts of Congress approved June 13, 1812, and June 6, 1874; respectively."

Now, whether the land contained in the original patent reached to the Mississippi river as its eastern boundary, under the distances called for by the patent, would be a question of fact, as was stated in *Sweringen* v. *St. Louis*, 185 U. S. 38, and whether the plaintiff is, upon the facts set forth, entitled to the accretion, is a question of local or state law, and is not one of a Federal nature.   *St. Anthony Falls &c. Co.* v. *St. Paul Water Commissioners*, 168 U. S. 349, 359, and cases cited.   In *Packer* v. *Bird*, 137 U. S. 661, it was held that while the Federal court would construe grants of the General Government without reference to the rules of construction adopted by the States for grants by them, *yet whatever incidents or rights attached to the ownership of the property conveyed by the United States bordering on a navigable stream* would be determined by the States in which it is situated, subject to the limitation that their rules do not impair the efficacy of the grant, or the use and enjoyment of the property by the grantee.   To the same effect is

*Shively* v. *Bowlby*, 152, U. S. 1. In the opinion in that case, at page 57, it is said: "By the law of the State of Oregon, therefore, as enacted by its legislature and declared by its highest court, the title in the lands in controversy is in the defendants in error; and, upon the principles recognized and affirmed by a uniform series of recent decisions of this court, above referred to, the law of Oregon governs the case."

As this land in controversy is not the land described in the letters patent or the acts of Congress, but, as is stated in the petition, is formed by accretions or gradual deposits from the river, whether such land belongs to the plaintiff is, under the cases just cited, a matter of local or state law, and not one arising under the laws of the United States.

The question before us is wholly different from the case of a writ of error to a state court founded upon section 709 of the Revised Statutes of the United States. A Federal question may appear in the course of the trial, and some right specially claimed or set up under a Federal statute may have been denied, and the party against whom the decision was made can have the question reviewed by this court under that section.

In *Cooke* v. *Avery*, 147 U. S. 375, this question was not decided. It was not referred to in the course of the opinion, and it is no authority for the plaintiff's contention herein. It was simply held that there was an issue between the parties which depended upon the laws of the United States and the rules of the Circuit Court, and their construction and application were directly involved.

In any aspect in which this case may be viewed, we think it was not one over which the Circuit Court had jurisdiction, and for that reason its order dismissing the petition is

*Affirmed.*