**MILLER v. WEBB.**

No. 5630.

Circuit Court of Appeals, Fifth Circuit.

Feb. 25, 1930.

G. P. Garrett, of Orlando, Fla., for appellant.

Thomas Palmer and W. B. Dickenson, both of Tampa, Fla., for appellee.

Before BRYAN and FOSTER, Circuit Judges, and GRUBB, District Judge.

FOSTER, Circuit Judge.

In this case appellant, referred to hereafter as plaintiff, brought suit in ejectment in the District Court, basing jurisdiction solely on an alleged federal question. A demurrer to the declaration was overruled, and defendant answered, pleading not guilty, and setting up other defenses to the complaint. On motion, all of the pleas, except that of not guilty, were stricken. Thereafter the jury was waived, and the case went to trial, whereupon the court dismissed the suit for want of jurisdiction, on the ground that it was not one arising under the Constitution and laws of the United States, and therefore did not present a federal question. This appeal is from that judgment.

The complaint in substance alleges that the plaintiff is the owner, and entitled to the possession, of certain lots located in Polk county, Fla., described as lots 1, 2, and 3 of section 10, in township 29 S., range 28, east of Tallahassee meridian, according to the official survey of said township and range approved by the General Land Office, Washington, D. C., on the 12th day of December, 1853. Then follow allegations showing a chain of title running from John G. Baker, the original patentee, to whom a patent was issued on June 3, 1885. The complaint further alleges that in 1919 a supplemental survey of the lots was made, and on the supplemental plat additional fractional lots, numbered 4, 5, 6, 7, and 8 of said section, were delineated, said lots lying between plaintiff's above-described lots and the water frontage on Lake Pierce; that defendant claims said lots under the supplemental survey, and that plaintiff is the owner of said lots, as the original patent ran to the water edge of Lake Pierce, regardless of the meander line on the original survey; that therefore plaintiff has been deprived of his property without due process of law by the unauthorized survey of 1919.

It is evident from the above that the suit is to recover title and possession of fractional lots numbered 4, 5, 6, 7, and 8, above described. No question is presented as to the validity of the original patent of lots 1, 2, and 3. We may concede that, under the general rule, the original patent covered all land between the meander line shown on the original survey and the actual high-water mark of Lake Pierce as it existed at that time, in which event the additional survey was without authority, and the patent issued to defendant for fractional lots Nos. 4, 5, 6, 7, and 8 would have no more effect than a junior deed from a common author, but this presents merely a question of fact, and does not necessarily involve the construction of any law of the United States, upon the interpretation of which the rights of the parties may depend. It is immaterial whether the officers of the General Land Office were authorized by law to make the additional survey. If the land had in fact already been patented to Baker, the supplemental survey and additional patent would have to yield. To achieve this result, plaintiff would only have to prove the allegation as to the condition existing in 1853.

It was unnecessary to set out plaintiff's chain of title and the adverse outstanding claim in defendant, but we do not rest the decision on that narrow ground. Giving the pleadings full effect, as intended by plaintiff, jurisdiction is not shown. Joy v. St. Louis, 201 U. S. 332, 26 S. Ct. 478, 50 L. Ed. 776.

Affirmed.