**Evelyn Sybil CONROY**

v.

**Gerry CONROY et al.**

No. CIV 72–5045.

United States District Court,
D. South Dakota.

Dec. 7, 1973.

Terry L. Pechota, Rosebud, S. D., for plaintiff.

William F. Clayton, U. S. Atty., Sioux Falls, S. D., for defendants.

BOGUE, District Judge.

The Plaintiff, Evelyn Conroy, has commenced this action. She seeks a declaration that she has a one-half interest in all trust lands acquired by the Defendant during the course of their marriage. There is at this time a pending divorce proceeding. The complaint further seeks an order requiring the Secretary of the Interior to transfer equitable title to one-half of the trust lands to the Plaintiff. The Plaintiff alleges jurisdiction founded upon 28 U.S.C. § 1331 and 25 U.S.C. § 345.

The Court will deal with 25 U.S.C. § 345 first. That section reads in pertinent part as follows:

> All persons who are in whole or in part of Indian blood or descent who are entitled to an allotment of land under any law of Congress, or who claim to be so entitled to land under any allotment Act or under any grant made by Congress, or who claim to have been unlawfully denied or excluded from any allotment or any parcel of land to which they claim to be lawfully entitled by virtue of any Act of Congress, may commence and prosecute or defend any action, suit, or proceeding in relation to their right thereto in the proper district court of the United States; . . . .

The United States Supreme Court has discussed 25 U.S.C. § 345 in the case of Affiliated Ute Citizens v. The United States, 406 U.S. 128, 92 S.Ct. 1456, 31 L. Ed.2d 741 (1972). In that case the Supreme Court said:

> This, however, is an allotment statute. Allotment is a term of art in Indian law . . . It means a selection of specific land awarded to an individual allottee from a common holding . . . . We therefore readily conclude that § 345 has no application here. 406 U.S. 128, 142–143, 92 S.Ct. 1456, 1466.

The *Affiliated Ute Citizens* case concerned a suit by that organization to compel the *pro rata* distribution to individual Indians of the mineral estate un-

derlying their reservation. The Supreme Court ruled that § 345 did not confer jurisdiction on District Courts to hear that action. Clearly, this complaint does not allege people "who claim to have been unlawfully denied or excluded from any allotment or any parcel of land to which they claim to be lawfully entitled by virtue of any act of Congress . . . ." The Plaintiff does not allege, nor does this Court's research disclose, any statute which gives the Plaintiff a right to have a federal court partition marital property. The Plaintiff makes no claim that this suit concerns an allotment to which she is entitled. Clearly then, 25 U.S.C. § 345 does not confer subject matter jurisdiction upon this Court to hear the above-entitled action.

The Plaintiff also alleges jurisdiction based on 28 U.S.C. § 1331. That section is the general "federal question" statute. In determining jurisdictional requisites, the Court must look at the complaint. *See,* Joy v. St. Louis, 201 U.S. 332, 26 S.Ct. 478, 50 L.Ed. 776 (1908); Mantin v. Broadcast Music, 244 F.2d 204 (9th Cir. 1957). The Plaintiff's complaint is basically asking this Court to partition the marital property. The Plaintiff's right to a partition of the property is not based on a right granted by either the federal Constitution or a federal statute. As stated above, the Plaintiff has not alleged the same, nor has this Court's research revealed any. The complaint does not contain sufficient allegations of a federal right to the partition of this property. It is well settled that merely because there is some federal involvement—because the land is trust property—does not create a federal question. *See* Osborn v. Bank of United States, 22 U.S. 738, 9 Wheat. 738, 6 L. Ed. 204 (1824); Shulthis v. McDougal, 225 U.S. 561, 32 S.Ct. 704, 56 L.Ed. 1205 (1912); Gully v. First National Bank, 299 U.S. 109, 57 S.Ct. 96, 87 L.Ed. 70 (1936); *see generally,* C. Wright, Law of Federal Courts, pp. 54–58 (1970).

This action is, in fact, an attempt to involve this Court in the property settlement aspect of a divorce action, which is an area that federal courts have traditionally avoided. It is the opinion of this Court that it is without subject matter jurisdiction in this case. This Court has, in the past, consistently held the same opinion. In Ducheneaux v. Ducheneaux, et al., CIV72–3007 (D.S.D. 1972), this Court dismissed an almost identical case on the basis of lack of subject matter jurisdiction. This Court being without subject matter jurisdiction, this action must therefore be dismissed.