Carol **LANDI, Uban, its agents, servants, employees and representatives, and a class of land owners in the State of California, Plaintiffs-Appellants,**

v.

James Barton **PHELPS, Judge of Superior Court of the State of California, in his individual capacity, and all his successors, Defendant-Appellee.**

No. 83–1921.

United States Court of Appeals, Ninth Circuit.

Submitted March 13, 1984.

Decided July 3, 1984.

Rehearing Denied July 24, 1984.

Carol Landi, El Cerrito, Cal., for plaintiffs-appellants.

Steven M. Woodside, San Jose, Cal., for defendant-appellee.

Before WALLACE, HUG, and FERGUSON, Circuit Judges.

WALLACE, Circuit Judge:

Landi appeals from the district court's order denying her application for a preliminary injunction. The district court ruled that Landi had failed to meet all of the requirements for injunctive relief. We have jurisdiction under 28 U.S.C. § 1292(a)(1). We affirm.

I

Although the record in this case is somewhat sketchy, it appears that this litigation is rooted in a dispute between Landi and her former landlord. In October 1981, Landi was evicted from her apartment in Mountain View, California following a state court action. During the pendency of that case, she filed a separate state court suit against her landlord and two state court judges who had ruled against her on procedural matters in the eviction action.

Landi's second suit alleged that her landlord and the judges had conspired against her. She was subsequently found in contempt of court by a third state court judge. Following her eviction, Landi filed claims allegedly based on federal land patents against real property belonging to her landlord, the three state court judges, and others.

In January 1983, in conjunction with a state court action brought to invalidate those claimed patents, a state court judge issued a preliminary injunction prohibiting Landi from recording further documents purporting to show ownership of property or otherwise disturbing the plaintiffs or their property. Landi then filed the present civil rights action in federal court pursuant to 42 U.S.C. § 1983 against the state court judge who had issued the preliminary injunction. She alleged that the state court judge had conspired with Landi's former landlord and the judges involved in her eviction action to deprive her of her rights under the first, fourth, fifth, ninth, tenth, and fourteenth amendments. Landi requested that the district court issue a preliminary injunction enjoining enforcement of the state court injunction previously issued against her. The district court denied her request, and she appealed.

Landi claims to represent a class composed of all the citizens of California. She is apparently also the director of a California nonprofit corporation named Universal Bar Association National (UBAN) which is a co-plaintiff in Landi's civil rights action. According to Landi's complaint, one of UBAN's purposes is to perform "land patent research to assist landowners of the State of California to secure their homes and properties from foreclosures in the present economic national depression." The legal theories advanced by Landi in this pro se action are not easy to understand. She claims a "hereditament by federal land patent" based, among other things, on the "Treaty of Guadalupe Hidalgo (1848)," and further argues that state courts lack jurisdiction to decide matters involving federal land patents.

## II

■ An order denying a preliminary injunction may be reversed only if the district court abused its discretion or based its decision on an erroneous legal standard. *American Motorcyclist Association v. Watt*, 714 F.2d 962, 965 (9th Cir.1983); *Los Angeles Memorial Coliseum Commission v. National Football League*, 634 F.2d 1197, 1200 (9th Cir.1980). Although her arguments are unclear, Landi apparently claims that the district court both abused its discretion and applied an erroneous legal standard in denying her request for injunctive relief. We disagree.

The requirements for a preliminary injunction are well established in this circuit. A party seeking such relief must meet one of two tests. Under the first, a court may issue a preliminary injunction if it finds that:

(1) the [moving party] will suffer irreparable injury if injunctive relief is not granted, (2) the [moving party] will probably prevail on the merits, (3) in balancing the equities, the [non-moving party] will not be harmed more than [the moving party] is helped by the injunction, and (4) granting the injunction is in the public interest.

*William Inglis & Sons Baking Co. v. ITT Continental Baking Co.*, 526 F.2d 86, 87 (9th Cir.1975) (*Inglis*). Alternatively, a court may issue a preliminary injunction if the moving party demonstrates *"either* a combination of probable success on the merits and the possibility of irreparable injury *or* that serious questions are raised and the balance of hardships tips sharply in his favor." *Id.* at 88 (emphasis in original), *quoting Charlie's Girls, Inc. v. Revlon, Inc.*, 483 F.2d 953, 954 (2d Cir.1973).

■ The district judge applied a correct legal standard. After referring to *Inglis* as the controlling precedent, the district court rejected Landi's case on the merits, holding that the state court had jurisdiction to determine title to the disputed property. Landi's contention that the district court applied an erroneous legal standard derives

from her belief that the state court can be enjoined from further action because the subject matter of the dispute falls within the exclusive jurisdiction of the federal courts. In other words, Landi claims that her rights under the federal land patents are a matter of exclusive federal jurisdiction and that the federal courts should therefore enjoin state court proceedings affecting those rights.

The Supreme Court, however, has clearly rejected the idea that federal courts "have inherent power ... to enjoin state court proceedings merely because those proceedings interfere with a protected federal right or invade an area preempted by federal law, even when the interference is unmistakably clear." *Atlantic Coast Line Railroad Co. v. Brotherhood of Locomotive Engineers*, 398 U.S. 281, 294, 90 S.Ct. 1739, 1747, 26 L.Ed.2d 234 (1970); *see also Amalgamated Clothing Workers of America v. Richman Brothers Co.*, 348 U.S. 511, 515–16, 75 S.Ct. 452, 455–56, 99 L.Ed. 600 (1955). We too have recently reiterated that principle in *Alton Box Board Co. v. Esprit de Corp.*, 682 F.2d 1267, 1273 (9th Cir.1982). Thus, even if Landi were correct in her contention that disputes involving federal land patents fall exclusively within the jurisdiction of the federal courts, she could not obtain an injunction necessary "in aid of [that] jurisdiction." *Id.*

■ In addition, it is clearly established that federal courts do not have exclusive jurisdiction over litigation involving property rights deriving from federal land patents. In *Oneida Indian Nation of New York v. County of Oneida*, the Court stated:

Insofar as the underlying right to possession is concerned ... "a controversy in respect of lands has never been regarded as presenting a Federal question merely because one of the parties to it has derived his title under an act of Congress." ... Once patent issues, the incidents of ownership are, for the most part, matters of local property law to be vindicated in local courts, and in such situations it is normally insufficient for "arising under"

jurisdiction merely to allege that ownership or possession is claimed under a United States patent.

414 U.S. 661, 676–77, 94 S.Ct. 772, 781–82, 39 L.Ed.2d 73 (1974) (*Oneida*), *quoting Shulthis v. McDougal*, 225 U.S. 561, 570, 32 S.Ct. 704, 706, 56 L.Ed. 1205 (1912); *see also Joy v. City of St. Louis*, 201 U.S. 332, 342–43, 26 S.Ct. 478, 481, 50 L.Ed. 776 (1906). As the concurring opinion in *Oneida* pointed out, "federal courts have traditionally been inhospitable forums for plaintiffs asserting federal-question jurisdiction of possessory land claims.... [T]he grant of a land patent ... carries with it no guarantee of continuing federal interest and certainly carries with it no indefinitely redeemable passport into federal court." 414 U.S. at 683, 94 S.Ct. at 785 (Rehnquist, J., concurring). When disputes involving real property deriving from a federal land patent do not even implicate federal question jurisdiction, it follows *a fortiori* that federal courts have no basis upon which to enjoin state courts from hearing such disputes. Landi's argument that her claims can be heard only in federal court is thus wrong as a matter of law.

■ The Supreme Court's decision in *Oneida* did recognize an exception to the general principle that derivation of title to real property from a federal patent is insufficient to establish federal jurisdiction. The Court found that federal law had a continuing interest in protecting the Indians' possessory rights to tribal lands. Because the Court viewed this federal interest as existing "wholly apart from the application of state law principles which normally and separately protect a valid right of possession" in real property, it concluded that a dispute concerning the Indian land established federal question jurisdiction. 414 U.S. at 677, 94 S.Ct. at 782. Contrary to Landi's contentions, her claims do not come within the holding of *Oneida* merely because they are based on a treaty. Unlike the tribal lands in *Oneida*, the United States has no continuing interest in the property that is the subject of Landi's claims. Thus, whatever the extent of Lan-

di's possessory rights to that property, she must vindicate those rights in the state courts.

Thus, we conclude that the district court applied the correct legal standard. Nor do we believe, as Landi contends, that the district judge abused his discretion. The district judge concluded that Landi had not demonstrated a threat of irreparable injury. Our review of the record demonstrates no reason to disturb that finding. Indeed, in cases such as this, "[w]hen the question is whether a federal court should enjoin a pending state court proceeding 'even irreparable injury is insufficient unless it is both great and immediate.'" *Pulliam v. Allen,* — U.S. ——, —— n. 17, 104 S.Ct. 1970, 1979 n. 17, 80 L.Ed.2d 565 (1984), *quoting Younger v. Harris,* 401 U.S. 37, 46, 91 S.Ct. 746, 751, 27 L.Ed.2d 669 (1971). *See generally Mitchum v. Foster,* 407 U.S. 225, 242–43, 92 S.Ct. 2151, 2162, 32 L.Ed.2d 705 (1972) (federal courts are authorized in § 1983 to enjoin state court proceedings, but in exercising that power, "we do not question or qualify in any way the principles of equity, comity, and federalism that must restrain a federal court when asked to enjoin a state court proceeding.").

AFFIRMED.