*Notice: This opinion is subject to correction before publication in the PACIFIC REPORTER. Readers are requested to bring errors to the attention of the Clerk of the Appellate Courts, 303 K Street, Anchorage, Alaska 99501, phone (907) 264-0608, fax (907) 264-0878, email corrections@akcourts.us.*

THE SUPREME COURT OF THE STATE OF ALASKA

| | | |
|---|---|---|
| RAY PURSCHE, | ) | |
| | ) | Supreme Court No. S-15824 |
| Appellant, | ) | |
| | ) | Superior Court No. 3PA-14-01600 CI |
| v. | ) | |
| | ) | O P I N I O N |
| MATANUSKA-SUSITNA BOROUGH, | ) | |
| | ) | No. 7091 – March 25, 2016 |
| Appellee. | ) | |
| | ) | |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Palmer, Kari Kristiansen, Judge.

Appearances: Ray Pursche, pro se, Wasilla, Appellant. John Aschenbrenner, Deputy Borough Attorney, and Nicholas Spiropoulos, Borough Attorney, Palmer, for Appellee.

Before: Stowers, Chief Justice, Fabe, Winfree, Maassen, and Bolger, Justices.

BOLGER, Justice.

## I. INTRODUCTION

A Wasilla landowner appeals the tax foreclosure against his property, arguing that the property is exempt from local property taxes because it was originally transferred to his predecessor by federal patent. He also claims that the federal patent takes this property beyond state court jurisdiction. But after a patent issues, property disputes must generally be resolved in state court. And land once owned by the federal

government is subject to local property taxes after it is conveyed to a private party. We therefore affirm the superior court's judgment of foreclosure.

## II.    FACTS AND PROCEEDINGS

Ray Pursche owns a parcel of real property in Wasilla, a city located within the Matanuska-Susitna Borough boundaries. Pursche's property was originally conveyed by a federal homestead patent; Pursche recorded a copy of the patent in 1999. In 2012 Pursche failed to pay Borough property taxes on the property. In May 2014 the Borough filed in the superior court its annual petition for foreclosure on properties within its boundaries.[1] Attached to this petition was a foreclosure list showing all taxable parcels of land in the Borough that were delinquent in their property taxes. Pursche's property was included on this foreclosure list because he owed $840.89 in delinquent real property taxes, penalties, and interest for taxes levied in 2012.

Pursche filed an objection to the foreclosure list in the superior court.[2] In his objection Pursche argued that he did not owe any taxes on the property to the Borough because the federal land patent in its chain of title exempted it from local taxes. He also claimed that the superior court did not have jurisdiction to foreclose on his property because of the federal land patent in its chain of title.

The Borough filed a motion for summary judgment, arguing that there were no genuine issues of material fact and that the foreclosure list provided prima facie

---

[1]    The Borough filed this petition pursuant to AS 29.45.330, which provides: "A municipality shall . . . annually present a petition for judgment and a certified copy of the foreclosure list for the previous year's delinquent taxes in the superior court for judgment."

[2]    Pursche filed this objection pursuant to AS 29.45.370, which provides: "A person having an interest in a lot on the foreclosure list may file an answer within 30 days . . . of . . . publication, specifying the person's objection."

evidence that Pursche had failed to pay valid taxes.[3]  Pursche then filed a motion to dismiss, reiterating the arguments he made in his initial objection to the foreclosure list. The superior court granted the Borough's motion for summary judgment and denied Pursche's motion to dismiss.

On the issue of jurisdiction, the superior court concluded that it had jurisdiction over Pursche's land, despite the federal land patent in its chain of title.  It explained that under Alaska law, the superior court is the court of general jurisdiction, and there is no exception that removes patented property from this broad jurisdictional grant.

The court also held that Pursche's property was properly subject to local property taxes.  The court noted that Pursche had cited no authority to support his claim that property with a federal land patent in the chain of title is exempt from local property taxes.  The court stated that the authority cited by Pursche supported only the proposition that such land was not taxable "while still held by the United States."  Thus, the court concluded, Pursche had failed to rebut the evidence that the foreclosure list correctly identified his property as having unpaid, valid taxes, and as a result, the Borough could foreclose on it.

Pursche appeals the grant of summary judgment pro se.

## III.   STANDARD OF REVIEW

"[A] party seeking summary judgment has the initial burden of proving, through admissible evidence, that there are no [genuine] disputed issues of material fact and that the moving party is entitled to judgment as a matter of law."[4]  "Once the moving

---

[3]     *See* AS 29.45.370 ("The foreclosure list is prima facie evidence that the assessment and levy of the tax is valid and that the tax is unpaid.").

[4]     *Christensen v. Alaska Sales & Serv., Inc.*, 335 P.3d 514, 517 (Alaska 2014)
(continued...)

party has made that showing, the burden shifts to the non-moving party to set forth specific facts showing that he could produce evidence reasonably tending to dispute or contradict the movant's evidence and thus demonstrate that a material issue of fact exists."[5] "We review a grant of summary judgment de novo, 'affirming if the record presents no genuine issue of material fact and if the movant is entitled to judgment as a matter of law.' "[6]

Questions of subject matter jurisdiction are questions of law, which we review de novo.[7]

## IV. DISCUSSION

### A. The Superior Court Had Jurisdiction Over This Foreclosure Action.

Under Alaska law "[t]he superior court is the trial court of general jurisdiction, with original jurisdiction in all civil and criminal matters."[8] It has the "power to hear all controversies which may be brought before it . . . except insofar as has

---

[4]      (...continued)
(alterations in original) (quoting *Mitchell v. Teck Cominco Alaska Inc.*, 193 P.3d 751, 760 n.25 (Alaska 2008)).

[5]      *Id*. (quoting *State, Dep't of Highways v. Green*, 586 P.2d 595, 606 n.32 (Alaska 1978)).

[6]      *Kelly v. Municipality of Anchorage*, 270 P.3d 801, 803 (Alaska 2012) (quoting *Beegan v. State, Dep't of Transp. & Pub. Facilities*, 195 P.3d 134, 138 (Alaska 2008)).

[7]      *Hawkins v. Attatayuk*, 322 P.3d 891, 894 (Alaska 2014) (citing *Foster v. State, Dep't of Transp.*, 34 P.3d 1288, 1290 (Alaska 2001)).

[8]      AS 22.10.020(a); *see also* Alaska Const. art. IV, § 1 ("The judicial power of the State is vested in a supreme court, a superior court, and the courts established by the legislature. The jurisdiction of courts shall be prescribed by law.").

been expressly and unequivocally *denied* by the state's constitution or statutes."[9] Alaska Statute 29.45.330 requires municipalities to file annual tax foreclosure petitions with the superior court for adjudication.[10]

Pursche argues that the superior court lacked subject matter jurisdiction over the foreclosure action against his property because there is a federal land patent[11] in the property's chain of title. His argument is threefold: (1) Federal patents flow from federal treaties; (2) state courts have no jurisdiction over federal treaties; and (3) thus the superior court lacked jurisdiction over his property because of the federal land patent in the chain of title. He further argues that the statute giving superior courts jurisdiction over foreclosure actions by municipalities[12] does not abrogate this exclusive jurisdiction of federal courts over claims involving federal land patents.

---

[9]  *Siggelkow v. State*, 731 P.2d 57, 61 (Alaska 1987) (emphasis in original).

[10]  AS 29.45.330(a)(1) ("A municipality shall . . . annually present a petition for judgment and a certified copy of the foreclosure list for the previous year's delinquent taxes in the *superior court* for judgment." (emphasis added)).

[11]  "A 'patent' is the conveyance by which the federal government passes its title to portions of the public domain and is [generally] necessary to accomplish a transfer of ownership from the United States." 73B C.J.S. *Public Lands* § 235 (2015) (footnote omitted). Patents were commonly issued by the federal government in the late nineteenth century to incentivize the discovery and development of valuable mineral lands. *See* Paul M. Schoenhard, *Reconceptualizing Inventive Conception: Strengthening, Not Abandoning the First-to-Invent System*, 17 FED. CIR. B.J. 567, 589-90 (2008); *see also Amoco Prod. Co. v. S. Ute Indian Tribe*, 526 U.S. 865, 868 (1999). A patent conveys ownership in fee simple "unless a property interest was expressly reserved by the government." *Hash v. United States*, 403 F.3d 1308, 1316 (Fed. Cir. 2005); *see also* 73B C.J.S. *Public Lands*, *supra*. It "serves in the same capacity as a deed." 73B C.J.S. *Public Lands, supra*.

[12]  *See* AS 29.45.330.

While we have never squarely decided this issue, "it is clearly established that federal courts do not have exclusive jurisdiction over litigation involving property rights deriving from federal land patents."[13] Quite the contrary: The mere presence of a federal land patent in the chain of title does not alone give rise to federal jurisdiction.[14] For such a dispute to fall within federal court jurisdiction, there must be some basis for federal jurisdiction other than the patent.[15] "Once [a land] patent issues, the incidents of ownership are, for the most part, matters of local property law to be vindicated in local courts."[16]

---

[13]   *Landi v. Phelps*, 740 F.2d 710, 713 (9th Cir. 1984).

[14]   *See Oneida Indian Nation v. Cnty. of Oneida*, 414 U.S. 661, 676-77 (1974) ("Once [a land] patent issues . . . it is normally insufficient for 'arising under' [federal question] jurisdiction merely to allege that ownership of possession is claimed under a United States patent." (citing *Joy v. City of St. Louis*, 201 U.S. 332, 342-43 (1906))); *see also Shultis v. McDougal*, 225 U.S. 561, 569 (1912) ("A suit to enforce a right which takes its origin in the laws of the United States is not necessarily, or for that reason alone, one arising under those laws, for a suit does not so arise unless it really and substantially involves a dispute or controversy respecting the validity, construction, or effect of such a law, upon the determination of which the result depends."); *Virgin v. Cnty. of San Luis Obispo*, 201 F.3d 1141, 1143 (9th Cir. 2000) (per curiam) ("Federal land patents . . . do not provide bases for federal question jurisdiction."); *Hilgeford v. Peoples Bank*, 776 F.2d 176, 178 (7th Cir. 1985) (per curiam) ("It is well settled . . . that a controversy regarding land has never been regarded as presenting a federal question simply because one of the parties to it has derived his title from a patent or under an act of Congress.").

[15]   *See Oneida*, 414 U.S. at 676-78.

[16]   *Id*. at 676; *see also id*. at 683 (Rehnquist, J., concurring) ("[F]ederal courts have traditionally been inhospitable forums for plaintiffs asserting federal-question jurisdiction of possessory land claims. . . . [T]he grant of a land patent . . . carries with it no guarantee of continuing federal interest and certainly carries with it no indefinitely redeemable passport into federal court.").

Pursche cites *Ware v. Hylton*[17] to support his contention that property conveyed by federal patent falls outside the subject matter jurisdiction of state courts. In *Ware* the U.S. Supreme Court heard a suit by British creditors against Virginia debtors.[18] The creditors invoked a provision of the 1783 Treaty of the Peace between the United States and Great Britain,[19] which provides that "creditors on either side . . . shall meet with no lawful impediment to the recovery of the full value in sterling money, of all bona fide debts heretofore contracted."[20] The Supreme Court held that this treaty provision preempted contrary state law.[21] As the superior court recognized, *Ware* simply holds that federal treaties are the supreme law of the land;[22] the case does not hold that federal land patents are outside the jurisdiction of state courts.

The only basis for federal jurisdiction that Pursche offers is the presence of a federal land patent in his chain of title. But the federal government has no continuing interest in this property. We conclude that the superior court, as Alaska's court of general jurisdiction, properly exercised jurisdiction over this case.

**B.     Land Once Owned By The Federal Government Is Subject To Local Property Taxes After It Is Conveyed To A Private Party.**

There is no dispute regarding the material facts: Both Pursche and the Borough agree that Pursche owns the property in question, the Borough added this

---

[17]     3 U.S. (3 Dall.) 199 (1796).

[18]     *Id*. at 199.

[19]     *Id*. at 203-04.

[20]     Definitive Treaty of Peace Between the United States of America and His Brittanic Majesty, U.S.-Gr. Brit., art. IV, Sept. 3, 1783, 8 Stat. 80.

[21]     *Ware*, 3 U.S. at 235-38.

[22]     *Id*. at 218.

property to the foreclosure list after he stopped paying property taxes, and the property has a federal land patent in its chain of title. Therefore this dispute was appropriate for resolution by summary judgment.

Under Alaska law a "foreclosure list is prima facie evidence that the assessment and levy of the tax is valid and that the tax is unpaid."[23] But Pursche argues that his property is exempt from state and local taxation because of the federal land patent in its chain of title. He contends that he "voluntarily paid property taxes to the Borough [from 1999] until 2013," when "he decided to invoke his legal rights under the [f]ederal [l]and [p]atent [l]aws and desist paying property taxes to the Borough."

Alaska Statute 29.45.030 enumerates the various property tax exemptions available under state law, and various additional exemptions are available under the Matanuska-Susitna Borough Code.[24] But neither provides for a tax exemption for privately owned real property with a federal land patent in its chain of title.

Pursche cites many cases that describe the nature of the title conferred by a federal patent, but none holds that federally patented land is exempt from a local property tax. Pursche also relies on *Sargeant & Lahr v. Herrick & Stevens*,[25] but this case holds only that patented land is not subject to state or local taxes while it is *still held*

---

[23]     AS 29.45.370.

[24]     *See, e.g.*, Matanuska-Susitna Borough Code 3.15.030–.035 (2015).

[25]     221 U.S. 404 (1911).

by the United States government.[26] On the other hand, it is well established that once federal land is conveyed to a private party, the land is subject to state and local taxes, including property taxes.[27]

Pursche's property is no longer held by the federal government. The authorities he cites fail to rebut the presumption that "the assessment and levy of [this] tax is valid."[28] We conclude that the superior court properly granted summary judgment to the Borough.

## V.    CONCLUSION

We AFFIRM the superior court's judgment of foreclosure.

---

[26]     *Id*. at 406-07 ("[T]he state was without power to tax the land until the equitable title passed from the United States . . . .").

[27]     *See, e.g.*, *Okla. Tax Comm'n v. Tex. Co.*, 336 U.S. 342, 353 (1949) ("[I]t is well established that property purchased by a private person from the Federal Government becomes a part of the general mass of property in the state and must bear its fair share of the expenses of local government. The theoretical burden which state . . . property taxation . . . imposes upon the Federal Government is regarded as too remote and indirect to justify tax immunity for property purchased from that Government.").

[28]     AS 29.45.370.