[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-10714

Non-Argument Calendar

_____

JAMES ALBERT YOCUM, JR.,

Plaintiff-Appellant,

*versus*

SELECT PORTFOLIO SERVICING INC,
MR COOPER,
d.b.a. Nationstar,
SHELLPOINT MORTGAGE SERVICING,
STOREY MOUNTAIN,
Successor in interest to Iberiabank,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 2:22-cv-00997-ACA

_____

Before JORDAN, LUCK, and LAGOA, Circuit Judges.

PER CURIAM:

James Yocum, proceeding *pro se*, appeals the district court's *sua sponte* dismissal without prejudice of his complaint against multiple loan servicers[1] to quiet title on his property. On appeal, he argues that the district court erred by dismissing his complaint for lack of subject matter jurisdiction because he raised a jurisdictional federal question, since his title to the property derived from a federal land patent. For the following reasons, we affirm.

On August 9, 2022, Yocum filed a *pro se* complaint against the defendant loan servicers to quiet title on his property. He alleged that the district court had federal question jurisdiction because his property stemmed from a federal land patent issued in 1858, although Yocum acknowledged that he did not acquire the property until 1996. On October 19, 2022, the defendant loan servicers filed a motion to dismiss for failure to state a claim and on grounds of res judicata. On December 2, 2022, the district court

---

[1] The defendant loan servicers are Select Portfolio Servicing Inc., Shellpoint Mortgage Servicing, Nationstar, and Storey Moutain.

entered an order to show cause directing Yocum to show why the court should not dismiss the case for lack of subject matter jurisdiction. After Yocum failed to respond, the district court dismissed the complaint without prejudice. Yocum then moved to reopen his case under Federal Rule of Civil Procedure 60(b), and the court granted his motion, ordering him to file a response to the court's order to show cause.

On February 16, 2023, Yocum filed a response arguing that the court had federal question jurisdiction because his property was granted via a federal land patent. The next day, the district court entered an order of final dismissal. The court found that it lacked subject matter jurisdiction over the claims because "[t]he existence of a land patent does not confer the owner with federal jurisdiction over all quiet title claims relating to that property in perpetuity." This timely appeal followed.

"We review *de novo* a district court's dismissal for lack of subject matter jurisdiction." *Campbell v. Air Jam. Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014). "Federal courts have an obligation to examine *sua sponte* their own jurisdiction over a case, notwithstanding the contentions of the parties." *DeRoy v. Carnival Corp.*, 963 F.3d 1302, 1311 (11th Cir. 2020). If at any time the district court determines that it lacks subject matter jurisdiction, the court must dismiss the action. Fed. R. Civ. P. 12(h)(3).

"The plaintiff bears the burden of affirmatively asserting facts that show the existence of jurisdiction and including 'a short and plain statement in his complaint of the grounds upon which

the court's jurisdiction depends.'" *DeRoy*, 963 F.3d at 1311 (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)); Fed. R. Civ. P. 8(a). "[I]t is the facts and substance of the claims alleged, not the jurisdictional labels attached, that ultimately determine whether a court can hear a claim." *DeRoy*, 963 F.3d at 1311. Though *pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will be liberally construed, a court may not serve as *de facto* counsel for a party or rewrite an otherwise deficient pleading in order to sustain an action. *Campbell*, 760 F.3d at 1168–69.

District courts have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. "The determination of whether federal question jurisdiction exists must be made on the face of the plaintiff's well-pleaded complaint." *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1373 (11th Cir. 1998). However, even a claim that arises under federal law may be dismissed for lack of subject matter jurisdiction if: (1) "the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction"; or (2) "such a claim is wholly insubstantial and frivolous." *Blue Cross & Blue Shield of Ala. v. Sanders,* 138 F.3d 1347, 1352 (11th Cir. 1998) (quoting *Bell v. Hood*, 327 U.S. 678, 682–83 (1946)). A claim is wholly insubstantial and frivolous only "if the claim 'has no plausible foundation, or if the court concludes that a prior Supreme Court decision clearly forecloses the claim.'" *Id.* (quoting *Barnett v. Bailey*, 956 F.2d 1036, 1041 (11th Cir. 1992)).

The Supreme Court has held that "[o]nce [a federal land] patent issues, the incidents of ownership are, for the most part, matters of local property law to be vindicated in local courts, and in such situations, it is normally insufficient for 'arising under' jurisdiction merely to allege that ownership or possession is claimed under a United States patent." *Oneida Indian Nation of N.Y. State v. Oneida County*, 414 U.S. 661, 676–77 (1974) (quoting *Joy v. City of St. Louis*, 201 U.S. 332, 342–43 (1906)). Though federal courts will construe the grants of the general government without reference to the rules of construction adopted by the states for their grants, whatever incidents or rights attach to the ownership of property conveyed by the government will be determined by the states, subject to the condition that their rules do not impair the efficacy of the grants or the use and enjoyment of the property by the grantee. *Id.*

For example, in *Burat's Heirs v. Board of Levee Commissioners*, 496 F.2d 1336 (5th Cir. 1974),[2] the plaintiffs sought to establish title to four sections of land in Louisiana and brought suit in federal court. *Id.* at 1337. The former Fifth Circuit held that the plaintiffs' allegations that their title to the lands derived from a United States patent did not give the district court federal question jurisdiction over the case. *See id.* at 1337–39. The Fifth Circuit, citing the Supreme Court's decision in *Oneida*, recognized that it had "become

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit issued prior to October 1, 1981.

a settled principle of law that a jurisdictional federal question is not raised merely because title to land devolves from a patent . . . or under an act of Congress." *Id.* at 1339. The court also explained that "questions as to the title and rights to land within a state are of primary concern to that state and are not the customary business of federal courts." *Id.* at 1338.

District courts also have subject matter jurisdiction over civil actions between citizens of different states, or between citizens of a state and citizens of a foreign country, where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). When a plaintiff files suit in federal court and invokes federal jurisdiction based upon diversity, the allegations in the complaint must include the citizenship of each party, so that the court is satisfied that no plaintiff is a citizen of the same state as any defendant. *See Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013).

Here, the district court did not err by *sua sponte* dismissing Yocum's complaint because the court lacked subject matter jurisdiction over his claim. *See* Fed. R. Civ. P. 12(h)(3); *DeRoy*, 963 F.3d at 1311; *Pacheco de Perez*, 139 F.3d at 1373. It is a settled principle that a jurisdictional federal question is not raised merely because title to land devolves from a federal patent, and thus, the district court lacked federal question jurisdiction over his claim. *See Sanders*, 138 F.3d at 1352; *Oneida*, 414 U.S. at 676–77; *Burat's Heirs*, 496 F.2d at 1337–39. Additionally, as the district court noted, Yocum's complaint failed to include any allegations regarding the parties' citizenships or the amount in controversy. Thus, there are no

23-10714                Opinion of the Court                7

allegations in Yocum's complaint to support a finding that diversity jurisdiction existed.  *See* § 1332; *Travaglio*, 735 F.3d at 1268.

Accordingly, the district court correctly dismissed the complaint for lack of subject matter jurisdiction.  We therefore affirm its order dismissing Yocum's complaint.

**AFFIRMED.**