## HOADLEY *v.* SAN FRANCISCO.

1. Under the fifth section of the act of March 3, 1875 (18 Stat. 471), this court has jurisdiction to review an order of a circuit court dismissing a cause, or remanding it to the State court from which it had been removed under the second section of that act.
2. The questions of title involved in this case do not arise under the Constitution or the laws of the United States, or a treaty made under its authority. The Circuit Court did not, therefore, err in remanding it to the State court from which it had been removed.

APPEAL from the Circuit Court of the United States for the District of California.

The facts are stated in the opinion of the court.

*Mr. S. W. Holladay* for the plaintiff in error.

*Mr. Delos Lake, contra.*

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

This action was commenced by Hoadley, the appellant, a citizen of California, Jan. 5, 1870, in the District Court for the twelfth judicial district of that State, to quiet his title to certain of the pueblo lands of the city of San Francisco, granted to that city by the act of Congress passed July 1, 1864, 13 Stat. 333, sect. 5, of which, so far as it is material for the determination of this cause, is as follows : —

" That all the right and title of the United States to the lands within the corporate limits of the city of San Francisco . . . are hereby relinquished and granted to the said city and its successors, for the uses and purposes specified in the ordinances of said city, ratified by an act of the legislature of the said State, approved on the 11th of March, 1858. . . . "

He claimed as one of the beneficiaries under this grant by the operation of the city ordinances referred to. The question to be determined is whether he was so in fact.

Sect. 2 of the act of March 3, 1875, 18 Stat. 470, is as follows : —

" Any suit of a civil nature, at law or in equity, now pending or hereafter brought in any State court, where the matter in dispute exceeds, exclusive of costs, the sum or value of five hundred

dollars, and arising under the Constitution or laws of the United States, or treaties made, or which shall be made, under their authority, . . . either party may remove said suit to the Circuit Court of the United States for the proper district."

After the passage of this act, Hoadley removed his suit to the Circuit Court of the United States for the District of California, alleging that it was one arising under the Constitution and laws of the United States. In the Circuit Court he amended his bill, setting forth in detail the particulars of his claim to the benefit of the act of Congress through the city ordinances. To this amended bill the city demurred, assigning for cause, among others, that it did not show that the Circuit Court had jurisdiction. Upon the hearing of this demurrer, the court entered an order remanding the cause to the State court, and from that order the present appeal has been taken.

By sect. 5 of the act of March 3, 1875, 18 Stat. 471, it is provided "that the order of the Circuit Court dismissing or remanding the cause shall be reviewable by the Supreme Court on writ of error or appeal, as the case may be." This is a modification of the previous legislation upon this subject, under which we held, in *Insurance Company* v. *Comstock*, 16 Wall. 270, and *Railroad Company* v. *Wiswall*, 23 id. 508, "that the remedy in such a case was by *mandamus* to compel action, and not by writ of error to review what has been done."

We have, therefore, jurisdiction of this appeal, but we are clearly of the opinion that the Circuit Court did not err in remanding the cause. The questions involved did not arise under the laws of the United States, but under the ordinances of the city as ratified by the act of the legislature. The act of Congress operated as a release to the city of all the interest of the United States in the land. The title of the United States was vested in the city. Whether the city took the beneficial interest in the property as well as the legal title depended upon the effect to be given to the act of the legislature and the ordinances, and not upon the act of Congress. The case is precisely the same in principle as it would have been if the city had, previous to the act of Congress, conveyed the land to Hoadley by deed, with covenants of warranty. If

in such a case a controversy should arise between Hoadley and the city as to whether or not the title granted to the city inured to his benefit under the warranty, the question would not be as to the effect of the grant from the United States, but as to that of the conveyance from the city. The case would not arise under the laws of the United States, but under tho deed and its covenants.                                                   *Decree affirmed.*