## CRILLY v. GALLICE et al.

### (Circuit Court of Appeals, Third Circuit.    December 3, 1906.)

### No. 14.

1. EVIDENCE—PAROL EVIDENCE—EFFECT OF CONTEMPORANEOUS AGREEMENT.

A contract created by the indorsement and delivery of a negotiable promissory note is a contract in writing, and is not open to contradiction or susceptible of annulment by a separate contemporaneous agreement, although also in writing, unless at least the terms of the latter plainly disclose that the parties so intended.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 20, Evidence, §§ 2030–2047.]

2. BILLS AND NOTES—COMPROMISE AND SETTLEMENT—CONSTRUCTION OF AGREEMENT—LIABILITY OF INDORSER OF SETTLEMENT NOTES.

A conditional agreement for the compromise and settlement of an indebtedness, in pursuance of which the debtor contemporaneously delivered to the creditor notes indorsed by a third person, who was also a party to the agreement, and which provided for the execution of a release in full on the payment of the notes at maturity, but that on default in such payment the whole debt should at once become due and payable, less any payments made pursuant to the agreement and any collections made on the notes, cannot be construed to discharge the indorser from liability in case of such default by the maker, which would render the contract of indorsement wholly nugatory.

Gray, Circuit Judge, dissenting.

In Error to the Circuit Court of the United States for the Eastern District of Pennsylvania.

For opinion below, see 143 Fed. 178.

John G. Johnson, for plaintiff in error.

James M. Beck, for defendants in error.

Before DALLAS, GRAY, and BUFFINGTON, Circuit Judges.

DALLAS, Circuit Judge.    An action was brought by Gallice & Co. against Francis J. Crilly upon seven overdue promissory notes, made by Du Vivier & Co. to the order of said Crilly, and by him indorsed to the order of said Gallice & Co.    The defense was, that, by virtue of a certain written agreement, the failure of the makers to pay the notes had discharged the indorser.    The agreement referred to related to these notes, and bore the same date.    It was made by Du Vivier & Co., of the first part, Gallice & Co., of the second part, and Francis J. Crilly, of the third part; and, being in writing, it is to be taken and considered in connection with the indorsements.    The two are to be construed together. Davis v. Brown, 94 U. S. 427, 24 L. Ed. 204.    But the contract created by the indorsement and delivery of a negotiable note, even between

the immediate parties to it, is itself a complete and perfect contract. It is a contract in writing, and is not open to contradiction, or susceptible of annulment, by a separate cotemporaneous agreement, though likewise in writing, unless, at least, the terms of the latter plainly disclose that the parties so intended. Martin v. Cole, 104 U. S. 37, 26 L. Ed. 647.

The agreement set up in this case recited that Du Vivier & Co. were indebted to Gallice & Co. in the sum of $471,926, and that, at the request of Crilly, Gallice & Co. had agreed to compromise said indebtedness for the sum of $75,000, provided such sum should be paid in the manner thereinafter specified. Accordingly, Du Vivier & Co. paid to Gallice & Co. $2,500 in cash, and delivered to them 29 promissory notes, each for $2,500, to the order of Francis J. Crilly, "and by him indorsed to the parties of the second part," Gallice & Co.; and the contention is that, although the makers failed to pay these notes at maturity, and, indeed, because of such failure, Crilly, as indorser, was wholly relieved from liability. The final clause of the separate agreement, which is the one directly relied upon to support this contention, is as follows:

"(4) The parties of the second part hereby agree, upon the due payment by the parties of the first and third parts of all of the said notes and their due performance of the covenants and agreements herein contained, to make, execute, and deliver to the parties of the first part a general release of the said indebtedness of four hundred and seventy-one thousand nine hundred and twenty-six dollars ($471,926); but in case of default in the payment of any of the said notes, the whole of the said debt, with interest, less any payments made in pursuance of this agreement and any collections by legal proceedings or otherwise made upon any of the said notes, shall become due and payable forthwith."

We think that the construction given to this clause by the court below is the natural and only reasonable one. Gallice & Co., the indorsees, simply agreed that upon, and only upon, due payment of all the notes, the original indebtedness of Du Vivier & Co. would be released; but not a word was said to justify the inference that, upon the happening of the event which ordinarily would render an indorsement operative, these particular indorsements were to become wholly nugatory. It is true that "default in the payment of any of the said notes" did occur, and "the whole of said debt, with interest, less any payments," etc., did "become due and payable forthwith"; but as the contracts of indorsement were not abrogated, we concur in the opinion of the learned judge of the Circuit Court, that "under the terms of the agreement the nonpayment of the said notes of Du Vivier & Co. at the time of their maturity did not release the defendant from his liability as indorser."

The judgment is affirmed.

GRAY, Circuit Judge, dissents.