STANDAGE VENTURES, INC., an Arizona corporation, et al., Plaintiffs-Appellants,

v.

STATE OF ARIZONA and County of Pinal, Defendants-Appellees.

No. 72–2766.

United States Court of Appeals, Ninth Circuit.

June 12, 1974.

Gove L. Allen (argued), Standage & Allen, Mesa, Ariz., for plaintiffs-appellants.

Stanley Z. Goodfarb, Donald O. Loeb, Asst. Attys. Gen. (argued), Gary K. Nelson, State's Atty. Gen., Phoenix, Ariz., for defendants-appellees.

OPINION

Before BROWNING and DUNIWAY, Circuit Judges, and RENFREW,* District Judge.

BROWNING, Circuit Judge:

Appellants filed this action against the State of Arizona in a court of that state. Arizona removed it to the United States District Court under 28 U.S.C. § 1441(b) on the ground that the action "arises under the . . . laws . . . of the United States." 28 U.S.C. § 1331(a). The district court denied appellants' motion to remand. The case was tried, and Arizona prevailed on the merits. Appellants contend that the action was not within the jurisdiction of the district court. We agree.

■■ To establish jurisdiction under 28 U.S.C. § 1331(a), it must appear from the face of the complaint, "affirmatively and distinctly" and not merely "argumentatively," that the suit "really and substantially involves a dispute or controversy respecting the validity, construction, or effect of [a law of the United States], upon the determination of which the result depends." Shulthis v. McDougal, 225 U.S. 561, 569, 32 S.Ct. 704, 706, 56 L.Ed. 1205 (1912). "To bring a case within the statute, a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action. The right or immunity must be such that it will be supported if the Constitution or laws of the United States are given one construction or effect, and defeated if they receive another." Gully v. First National Bank, 299 U.S. 109, 112, 57 S.Ct. 96, 97, 81 L.Ed. 70 (1936) (citations omitted).

The complaint alleges the following. Appellants are the owners in fee simple of certain described real property. Title rests on patents from the United States. The land conveyed by the patents "by operation of law [was] subject to a right-of-way for U.S. Highway Route 80 which right-of-way has [sic] 100 foot in width." This is the only right-of-way in favor of Arizona over the property. Arizona commenced reconstruction of U. S. Highway North 80. It occupied property outside the 100-foot right-of-way, and changed the grade of the highway, taking some and damaging other of appellants' property. Arizona asserts a right, title and interest in this property adverse to appellants. Appellants pray for a decree that Arizona has a 100-foot-wide right-of-way across the property, and no more, for an award of compensation for the taking of their property outside the 100-foot right-of-way, and for damages resulting from the change in grade.

■ The complaint does not expressly allege that any law of the United States is directly or indirectly involved in the dispute; it is not alone enough that appellants' title is traceable to such a law. Shulthis v. McDougal, supra, 225 U.S. at 569–570; Joy v. City of St. Louis, 201 U.S. 332, 26 S.Ct. 478, 50 L.Ed. 776 (1906); Blackburn v. Portland Gold Mining Co., 175 U.S. 571, 579, 20 S.Ct. 222, 44 L.Ed. 276 (1900).

Arizona argues that various federal questions are either necessarily implied in the present allegations of the complaint, or would appear if the complaint contained the allegations Arizona considers essential to a proper statement of appellants' claim. It is unnecessary to determine precisely what questions would have been presented by a properly pleaded complaint, for it is clear that if the controversy between Arizona and appellants had been alleged in the com-

* Honorable Charles B. Renfrew, United States District Judge, Northern District of California, sitting by designation.

plaint in the fullest detail, no federal question sufficient to support jurisdiction would have been disclosed.

■ The question litigated in the court below was whether prior to the issuance of patents to appellants under the Small Tract Act, 43 U.S.C. § 682a, Arizona had obtained a 400-foot right-of-way across the lands under 43 U.S.C. § 932. There was no dispute as to the meaning or effect of either statute. All parties agreed that 43 U.S.C. § 932 [1] was self-executing, and that a right-of-way came into existence automatically when a public highway was established across public lands in accordance with the law of the state. The issue was whether Arizona had established a public highway 400 feet in the width across these lands in accordance with the laws of Arizona. The resolution of this issue required an interpretation of Arizona law as to what was required to establish a public highway, and a factual inquiry as to whether Arizona officials had complied with these requirements.

The only conceivable theory upon which it could be argued that these issues arose under federal law is that 43 U.S.C. § 932 incorporated state law regarding the establishment of public highways into the body of the federal law. But this theory has been rejected as a basis for federal question jurisdiction even where the federal statute expressly provided that local law should control. "The recognition by Congress of local customs and statutory provisions as at times controlling the right of possession does not incorporate them into the body of Federal law." Shoshone Mining Co. v. Rutter, 177 U.S. 505, 508, 20 S.Ct. 726, 727, 44 L.Ed. 864 (1900). See Blackburn v. Portland Gold Mining Co., *supra*, 175 U.S. at 587–588. See also Hoadley v. San Francisco, 94 U.S. 4, 24 L.Ed. 34 (1876).

In all of the cases relied upon by Arizona there was a dispute as to the meaning of an Act of Congress, the resolution of which controlled the outcome of the litigation. There was no such dispute here.

■■ Appellees make the general assertion that "[t]he issue of the specific extent of the right of way granted to the State under the provisions of 43 U. S.C. § 932 and the·extent of the grant made to Plaintiffs or their predecessors in title under the Small Tract Act, 43 U.S.C. § 682a are the essence of this law suit." As to section 932, as we have said, the real substance of the controversy as to the extent of Arizona's right-of-way under this section turns entirely upon disputed questions of law and fact relating to compliance with state law, and not at all upon the meaning or effect of the federal statute itself. The record is also bare of any dispute as to the meaning of section 682a. The only possibly related issue raised at trial was that the absence of an express reservation in appellants' patents barred any section 932 right-of-way. But this question is not substantial (State v. Crawford, 7 Ariz.App. 551, 441 P.2d 586, 590 (1968)), particularly since an official plat disclosing the easement was referred to in the patents and thereby incorporated by reference. United States v. Otley, 127 F.2d 988, 993 (9th Cir. 1942). Such a palpably insubstantial claim will not support federal jurisdiction. Montana Catholic Missions v. Missoula County, 200 U.S. 118, 130, 26 S.Ct. 197, 50 L.Ed. 398 (1906); 1 Barron & Holtzoff, Federal Practice & Procedure § 25, at 122–123 (Wright ed. 1961).

■ Appellees refer to a number of other possible federal questions [2] on the apparent theory that these might have given rise to dispositive disputes in the litigation, though in fact they did not.

---

1. 43 U.S.C. § 932 reads: "The right of way for the construction of highways over public lands, not reserved for public uses, is hereby granted."

2. For example, whether the patented lands were "unreserved public lands" within the meaning of 43 U.S.C. § 682a; and whether federal officials complied with federal regulation in issuing the patents.

But before a federal question may provide the basis for jurisdiction, "[a] genuine and present controversy, not merely a possible or conjectural one, must exist with reference thereto." Gully v. First National Bank, *supra*, 299 U.S. at 113.

Reversed.