480 F.3d 138
 D.D., a minor, by and through his Parent and Next Friend, V.D.; A.C., a minor, by and through his Parent and Next Friend, V.S.; B.T., a minor, by and through his Parent and Next Friend, D.N., individually and on behalf of all others similarly situated, Plaintiffs-Appellants,
v.
NEW YORK CITY BOARD OF EDUCATION; New York City Department of Education; Joel Klein; Angelo Gimondo, Dr., Superintendent, Community School District 30; Nelly Real-Korb, Chairperson, Committee on Preschool Special Education District 30; Richard P. Mills, Commissioner of the New York State Education Department; City of New York; Joe Blaize, Chairperson, CPSE District 29; Michael A. Johnson, Superintendent, Community School District 29; Beth Marino, Chairperson, CPSE District 25 and Michelle Fratti, Superintendent, Community School District 25, Defendants-Appellees.
Docket No. 04-2542-CV.
 United States Court of Appeals, Second Circuit.
 Argued: September 8, 2004.
 Decided: October 12, 2006.
 On Petition For Rehearing: Decided February 8, 2007.
 Filed February 6, 2007.
 
 Ilann M. Maazel (Matthew D. Brinckerhoff and Eric Hecker, on the brief) Emery Celli Brinckerhoff & Abady LLP, New York, NY, appearing for Plaintiffs-Appellants.
 Grace Goodman (Michael A. Cardozo and Larry A. Sonnenshein, on the brief) Corporation Counsel of the City of New York, New York, NY, appearing for the City Defendants-Appellees.
 Melanie L. Oxhorn, Assistant Solicitor General (Michael S. Belohlavek, Deputy Solicitor General, on the brief) for Eliot Spitzer, Attorney General of the State of New York, New York, NY, appearing for the State Defendant-Appellee.
 Before: NEWMAN, CALABRESI and HALL, Circuit Judges.
 
 
 1
 On consideration of the petition for rehearing, footnote 13 of the opinion issued on October 12, 2006, D.D. ex rel. V.D. v. New York City Bd. of Educ., 465 F.3d 503, 514 n. 13, is amended to read as follows:
 
 
 2
 Plaintiffs also contend that Defendants are in violation of New York State's regulations, 8 N.Y.C.R.R. §§ 200.4(e)(1)(i) and 200.16(e)(1), which Plaintiffs claim require the implementation of IEP-mandated services within 30 days. Defendants dispute this interpretation of the regulations. Even if, arguendo, State regulations impose a 30-day time frame, and Defendants have violated that time frame, such a violation would only violate federal law if Defendants failed to implement Plaintiffs' IEPs "as soon as possible" as required by § 300.342(b)(1)(ii). This is so despite the recognition of some courts that "the IDEA `incorporates by reference state standards, be they substantive or procedural, that exceed the federal basic floor of meaningful, beneficial educational opportunity.'" LIH ex rel. LH v. New York City Bd. of Educ., 103 F.Supp.2d 658, 668 (E.D.N.Y.2000) (quoting Town of Burlington v. Dep't of Educ., 736 F.2d 773, 789 (1st Cir.1984)). First, the quantitative state timeliness regulation at issue here conflicts directly with the qualitative federal "as soon as possible" standard. See 64 Fed.Reg. 12406, 12579 (Mar. 12, 1999) (Secretary of Education expressly rejecting a rigid outside time line for the implementation of IEPs for lack of a "statutory basis to do so"). Second, imposition of the state 30-day time frame would, in most if not all cases, impose a standard for the implementation of IEPs more lenient than its federal counterpart. See id. (noting that a failure to implement an IEP "within a week or two" of its development could constitute a failure to comply with the federal standard). Thus we cannot conclude that the New York State procedural regulation at issue here is one of those state standards the IDEA incorporates by reference. See David D. v. Dartmouth Sch. Comm., 775 F.2d 411, 417 (1st Cir.1985) ("We remain convinced that . . . [the IDEA] . . . incorporate[s] by reference some of a state's substantive law." (emphasis added)). In addition, the amended complaint does not invoke supplemental jurisdiction under 28 U.S.C. § 1637(a), and there is no state law cause of action pleaded in the amended complaint. Moreover, this would be an inappropriate case for supplemental jurisdiction. The State and City regulatory schemes are intricate and difficult to interpret. Any claim for relief based solely on a State or City law not incorporated by the IDEA is best left to the State courts.
 
 
 3
 The petition for rehearing is DENIED.